The opinion of the Court was delivered by
Parsons, C. J.
The question arising on the facts in this case is, whether Joseph Dingley, born after the making of the will, but during the testator’s life, and dying before the tenant for life, was entitled under the will to the remainder of any undivided part of the land, so that the same descended to the demandants, his heirs If he was, they must recover; otherwise the tenant must prevail. For the tenant it has been argued, that the sons, who can take m *415 remainder, must be the sons of Abner livmg when the will was made ; they only being in esse, and in the contemplation of the testator. But if sons born after the making of the will may be admitted to take, then it is contended, that the remainder is contingent and not vested, and can belong only to the sons living at the death of the tenant for life.
This question must depend upon the construction of the will, in order to ascertain the testator’s intention. For it is very clear, if the remainder had been devised to all the sons of the tenant for life then born and afterwards to be born, that this remainder would have vested, on the death of the testator, in the sons then living, and, would have opened, and let in any sons that might afterwards be born. And if by this will the testator intended all the sons then and afterwards to be born, then Joseph, the father of the demandants,, although born after the making of the will, will take his share in the remainder, which, being vested, descended on his death *to the demandants. And it is our opinion, that the [*537] testator did not intend to confine the remainder to the sons then living.
The expression in the will is general, to be divided among and between his, viz. Abner’s sons; which includes all his sons. If he had meant to confine his bounty to his grandchildren then living, he would have so limited it, either expressly, or by naming them, or in some other way. And no reason has been assigned, why he should make any distinction among his grandsons.
But it is contended, that as the testator has provided that, on the death of the tenant for life, the estate should be equally divided among his sons, he must have intended those sons living at his death, and therefore that the remainder is contingent; and as Joseph was ther dead, the contingency on which he was to take never happened, and so his children have no title.
This argument would have great weight in the devise of money or chattels for life, and a devise over to be equally divided among the sons on the death of the first devisee. For of a chattel there can be no remainder, which may vest and afterwards open to let in after born children ; and the interest in it must be contingent, until the time provided for the distribution of it, in order that they may take.
But a different construction arises • on a similar devise of lands. For it is a rule of law, that a remainder is not to be considered as contingent, when it may be construed, consistently with the testator’s intention, to be vested. And as a vested remainder of lands may open to let in after-born devisees, there is no reason why this remainder should be considered as contingent in favor of any sons, who might be born after the testator’s death, or after the making of *416 the will. We are satisfied that the remainder in the present case vested on the death of the testator. And as all the sons [ *538 ] were *then born, there was no occasion for it afterwards to open to let in any other son.
Upon these principles, on the death of the testator, Abner his son was seised as tenant for life, with a vested remainder to his five sons; and Joseph afterwards dying, his estate remained to his children, the demandants, who are entitled to recover.
In the writ they demand a fourth part; but as there were five sons, they can recover but one fifth part. Amasa’s fifth part of the remainder, of which he died seised, remained on his death to his father as his heir, and no part of it can be recovered in this action of formedon in remainder.
By the agreement in the case, the tenant is to be defaulted, if the demandants can recover any part of their demand. But he ought not to be called, as on his default the demandants would have judgment for one fourth. Let him confess judgment for one fifth part with costs ; and as to the residue, let judgment be entered that the demandants take nothing by their writ (1)
(a).

 See Bateman vs. Roach, 9 Mod. 106.

 2 Powell on Devises by White, p. 302, 303., and the numerous cases there cited