## WILLIAM BALLARD *versus* JOHN BALLARD.

A devise to a grandchild lapses, if the grandchild die in the lifetime of the testator, without leaving lineal descendants.

A testator devised as follows : " I give to my sons, for the term of ten years after my decease, the improvement and income of my tavern farm," &c. " Item, I give and devise to my grandchildren, the sons and daughters of my said sons, after the expiration of ten years from my decease, all those lands and tenements which I have now given the improvement of for ten years as aforesaid to my said sons, to have and to hold to them, their heirs and assigns forever." It was *held*, that this devise created a vested remainder in the grandchildren who were living at the decease of the testator, subject, however, to open and let in all those who might be born afterwards, whether born before or after the determination of the particular estate ; and that the share of a grandchild who was living at the decease of the testator, but died before the expiration of the particular estate, descended to his father as his heir.

ASSUMPSIT to recover certain rents, incomes and profits, received by the defendant. The parties stated a case.

On March 15th, 1819, John Ballard, the elder, made his will, containing the following devises :

" I give to my sons, John Ballard [the defendant] and Joseph Ballard, and my daughter, Sally Carter, for the term of ten years after my decease, the improvement and income of my tavern farm, so called, in Saugus aforesaid, bounded as set forth in the deeds of James Robertson and others to me, as will appear on record ; also, for the like term of ten years after my decease, the improvement and income of the following pieces of land : " [describing them.]

" Item, I give and devise to my grandchildren, the sons and daughters of my said sons, Joseph and John, and my daughter, Sally Carter, after the expiration of ten years from my decease, all those lands and tenements which I have now given

the improvement of for ten years as aforesaid to my said sons, Joseph and John, and my daughter, Sally Carter, to have and to hold to them, their heirs and assigns forever."

On March 2d, 1824, the testator died.

At the time when the will was executed, the defendant had four children, Henry S., Charles A., Mary G. and Francis G. ; Joseph, the other son of the testator, had four children, Joseph H., James M., Elizabeth and the plaintiff; and Sally Carter had five children, William B., Eliza R., Mary B., John B. and Henry. William B. Carter and Eliza R. Carter and Elizabeth Ballard, the daughter of Joseph Ballard, died, without issue, previously to the decease of the testator. John B. Carter died intestate and unmarried, after the decease of the testator, but before the expiration of the ten years. The defendant also had a daughter, Helen M., who was born subsequently to the execution of the will, but previously to the decease of the testator, and two children, John S. and Anna L., born subsequently to the decease of the testator, but before the expiration of the ten years. Joseph had likewise two children, George L. and Elizabeth, born subsequently to the decease of the testator, and before the expiration of the ten years, and an infant, born since the commencement of this action, and after the expiration of the ten years.

The question submitted to the Court was, what share of the rents and profits of the real estate received by the defendant, after the expiration of ten years from the death of the testator, the plaintiff was entitled to recover.

*April 3d, 1835.*

*Cooke,* for the plaintiff, to the point, that the devise lapsed so far as regarded William B. Carter and Eliza R. Carter and Elizabeth Ballard, who died previously to the decease of the testator, cited *Fisher* v. *Hill*, 7 Mass. R. 86 ; *St.* 1783, c. 24, § 8 ; and to the point, that the devise constituted a vested remainder in the grandchildren, and therefore that the share of John B. Carter descended to his father, *Dingley* v. *Dingley*, 5 Mass. R. 535 ; *Denny* v. *Allen*, 1 Pick. 147.

*April 5th, 1836.*

Shaw C. J. delivered the opinion of the Court. The first question which arises in this case is, whether the devise to those grandchildren, who died in the lifetime of the testator, lapsed and became wholly inoperative and void, or whether

they took any interest under the will, which could pass to their heirs ; and the Court are of opinion, that those devises lapsed and became wholly void.

There is no doubt of the general rule, that all devises shall be deemed lapsed, if the devisee dies in the lifetime of the testator. An exception to this rule of law is created by *St.* 1783, *c.* 24, § 8. But two conditions are necessary to bring the case within this exception ; first, that the devisee be a child, grandchild or other relation ; and secondly, that such devisee shall die leaving lineal descendants. The first of these conditions exists in the present case, the devisees were grandchildren ; but the second fails, they left no lineal descendants. The statute is itself very clear, and has received a judicial exposition to the effect now stated. *Fisher* v. *Hill*, 7 Mass. R. 86. These grandchildren, not being within the exception, the general rule applies, by force of which these devises are deemed lapsed.

The other questions depend principally upon this, namely, whether this clause of the testator's will constitutes a vested remainder in the grandchildren. The Court are of opinion, that this did constitute a vested remainder. The estate is given in definite terms to the sons and daughter for the term of ten years, and the testator then gives to his grandchildren, the sons and daughters of his sons John, and Joseph, and of his daughter, Sally Carter, and to their heirs and assigns forever, all those lands, &c. Most of these grandchildren were living at the time of the death of the testator, and in regard to all those, the devise must be deemed a vested remainder, subject, however, to open and let in all those who might be afterwards born, and who should be held entitled to take under the will. *Dingley* v. *Dingley*, 5 Mass. R. 535 ; *Denny* v. *Allen*, 1 Pick. 147.

This remainder, then, on the decease of the testator, vested in Henry S., Charles A., Mary G., Francis G. and Helen M., children of John Ballard, William, Joseph H. and James M., children of Joseph Ballard, and Henry, Mary B. and John B., children of Sally Carter.

It is found, that after the decease of the testator and before the expiration of the ten years, there were born John S. and

Ballard
*v.*
Ballard.

Anna L., children of John Ballard, and George L. and Eliza beth, children of Joseph Ballard, in behalf of whom the estate opens, so that according to the principle stated they are entitled to take equally with those who were living at the decease of the testator.

In regard to John B. Carter, who was living at the decease of his grandfather, but who died intestate and unmarried, the Court are of opinion, that the question is settled by the decision, that this constituted a vested remainder. Being vested, it descended by force of the statute to his father as his heir, and he is now entitled to that share.

The last and most important question is, whether those born after the expiration of the ten years, that is, after the determination of the particular estate, can come in to take a share with the other grandchildren. Such after-born grandchildren certainly come precisely within the description of those intended by the testator to share in his bounty ; and they therefore will take, unless prevented by some inflexible rule of law. The rule permitting a vested estate to be divested by subsequent and contingent events, may be attended with some inconvenience ; but it will appear fully from the authorities, that such considerations of inconvenience have not been considered sufficient, in many analogous cases, to prevent the firm establishment of the rule.

It seems to be clear, that the word "children," and "grandchildren," is a good *descriptio personarum,* to designate persons who may take by devise ; and the time within which the estate is to vest absolutely, under this will, is not so remote as to violate the rules of law prohibiting the creation of perpetuities.

The rule, that a vested estate may be defeated by a subsequent event, is well established by the law of descents ; it is contrary to no principle of law, that an estate vested by descent should open and become divested in favor of one com ing subsequently in point of time, but having a prior legal right, either wholly or partially, according to circumstances. A case is put by Littleton, § 3 ; if there be father and son, and the son purchase land and die, his uncle and not his father shall have it ; conformably to the canon, that estates cannot ascend. Lord *Coke,* in his commentary on this passage, says

that true it is the uncle shall be the heir, but not absolutely ; for if the father shall have issue, a son or daughter, such issue shall enter on the uncle and hold the estate. So if a man hath issue, a son and daughter, and the son purchaseth land in fee and dieth without issue, the daughter shall inherit the land ; but if the father hath afterwards issue, a son, the son shall enter into the land as heir to his brother, and if he hath issue, a daughter and no son, she shall be coparcener with her sister. This last distinction is founded on the canon, that males shall be preferred to females, but that females shall take equally. In the first of these cases, the estate which first vested in the sister will be wholly divested in favor of an after-born brother, a male, who is deemed in law worthier of blood ; and in the second case, it will open to let in the after-born sister to an equal share, and the same rule would apply *toties quoties*, if there were several sisters. *Basset* v. *Basset*, 3 Atk. 203. The same precise principle seems to have been held in case of a devise, or rather to be assumed and acted upon as a settled principle of law. *Cook* v. *Cook*, 2 Vern. 545. On a devise to the issue of J. S., who had a daughter living at the testator's death, and afterwards a son born, all the children shall take, and even grandchildren, if there were any. And in the course of the opinion, it was said by Lord *Cowper*, that although upon the death of the testator there was then only a daughter, yet upon the birth of another child the estate should open to take in the after-born son.

The cases already cited from our own books, seem to be founded on the same principle, both of which were upon the construction of devises. *Dingley* v. *Dingley*, 5 Mass. R. 535 ; *Denny* v. *Allen*, 1 Pick. 147.

On the whole, the Court are of opinion, that all the grandchildren of the testator within the description in the devise, that is, children of the two sons and the daughter named, whether born within or after the expiration of the ten years, were entitled to take equal shares in the land devised, and in regard to the after-born children, at their respective births the vested estate of the older grandchildren would be defeated *pro tanto*, and open so as to let them in for an equal share.