## WILLIAM F. POOL, by his Guardian, *versus* JOSHUA H. WARD.

A testator gives the residue of his real and personal estate to his son's children, born and to be born, subject to a charge of an annual sum to be paid to the son during his life, and appoints a trustee to manage the property, and "from the rents and profits thereof to appropriate such annual sum towards the support of the son, and the residue to account for with said grandchildren and their guardian, the trust to cease upon the death of the son." *Held*, that by the true construction of the will, the trustee must account annually with the grandchildren, for the surplus of the income.

BILL in equity. By the bill and answer it appears, that in 1828 Ward Pool made his last will, wherein, after naming Abner Sanger as his executor and after providing for his widow during her life, he gave all the residue of his estate, real and personal, to the three children of his son Ward Pool, and to such other children of his son as might thereafter be born, to be equally divided between them but subject to the charge contained in the following item : — "But from and out of the real and personal estate thus devised to my grandchildren, my will is, that an annual sum, not exceeding five hundred dollars, be drawn and applied towards the support of my said son Ward and Eliza, his wife, and the survivor of them, for their lives. And to effect this I appoint said Sanger to be my trustee of the real and personal estate so devised to my said grandchildren, empowering him to improve and manage it to the best advantage to those to whom I give it during the lives of said Ward and Eliza and the survivor of them, and from the rents and profits thereof to appropriate such annual sum, not exceeding five hundred dollars, towards the support of said Ward and his said wife, and the survivor of them, as in his judgment may be proper and necessary, and the residue to account for with said grandchildren and their guardian ; said Sanger to cease to be a trustee as aforesaid, and said trust to cease, upon the death of the survivor of the said Ward and Eliza."

The testator died in 1828, leaving a widow, his son Ward, his son's wife Eliza, and his son's three children, who were named in the will, the plaintiff being one of them

Sanger, the executor and trustee, accepted the trusts, and at the death of the widow, in 1833, he took possession of the whole estate, real and personal, amounting to about $ 20,000, and held the same for the purposes of the trust until June, 1837, when the present defendant was appointed trustee.  In July, 1837, the defendant received as the annual rents and income of the property, the sum of $ 1200, out of which he paid Ward Pool $ 500.  The complainant and his guardian then demanded of the defendant an account of the annual proceeds of the property, and claimed the plaintiff's share of the surplus income over and above the $ 500 so paid to Ward Pool.  The plaintiff's share, if he is entitled to any thing, is one fifth of the surplus, there being now five children of Ward Pool.

The defendant refused to pay over any thing to the plaintiff or his guardian, and also refused to account with them.

The complainant wishes to be educated, but has no other property than that which he may receive under the will, and his father has no means of support except the $ 500 before mentioned, which he receives annually.

The bill asserts, that by the will the grandchildren of the testator and their guardian, are entitled to an annual account from the trustee, and to the surplus income over and above the annuity of Ward Pool.  If the Court should be of opinion that such is not the proper construction of the will, the plaintiff then prays that a certain sum may be decreed to him for his maintenance during his minority.

The answer denies the correctness of the plaintiff's construction, and demurs to the jurisdiction of the Court as to that part of the bill which prays for a maintenance on account of the infancy of the plaintiff.

*Lord,* for the plaintiff, insisted that the surplus ought to be paid over to the grandchildren ; that the Court had jurisdiction over the general subject matter of the complaint, and therefore had authority to do every thing proper for enforcing the trust ; *Pratt* v. *Bacon,* 10 Pick. 126 ; *Hurst* v. *Beach,* 5 Madd. 360 ; 2 Madd. Ch. Pract. 1, 2 ; *Anon.* 1 Atk. 491 ; 1 Story on Equity, 506, 555, 557 ; and that, whether the plaintiff's construction of the will was or was not correct, he was entitled

Pool
*v.*
Ward.

to have the income applied to his maintenance ; *Brown* **v** *Temperley*, 3 Russell, 263, and note ; *Matter of Bostwick*, 4 Johns. Ch. R. 100 ; *Harvey* v. *Harvey*, 2 P. Wms. 21 ; Willis on Trustees, 159 ; 2 Story on Equity, 576, 582.

*Ward, pro se,* cited on the last point, 2 Story on Equity, 557, 558 ; *Kime* v. *Welfitt*, 3 Simons, 533 ; *Turner* v. *Turner*, 4 Simons, 430 ; *Ex parte Kebble*, 11 Ves. 604 ; *Ex parte Bond,* 2 Mylne & Keen, 439.

*Nov. term*
1838.

WILDE J. drew up the opinion of the Court. By the rules of law as laid down in *Dingley* v. *Dingley*, 5 Mass. R. 535, the real estate devised to the grandchildren vested in those who were living on the decease of the testator, and afterwards opened to let in the two children born afterwards. And as to the personal estate, the remainder was contingent ; because there can be no remainder of a chattel, which may vest and afterwards open to let in after-born children. These questions, however, are not raised in the present suit. The trustee has no right or interest in the estate devised, except during the lives of Ward Pool and his wife and the survivor. And the question is, how the income of the estate during that time shall be divided. This depends on the construction of the will, as to which we think there can be no reasonable doubt. The trustee is directed to appropriate an annual sum, not exceeding $ 500, towards the support of Ward Pool and his wife, and the residue he is to account for with the grandchildren and their guardian. It is not expressly said that he shall account annually, but that we think was the obvious intention of the testator. The residue must be understood the residue of the annual income, which might be received, each and every year, during the continuance of the trust ; and was intended, no doubt, for the support and education of the minor children. The trustee, therefore, is bound to account with the grandchildren *in esse* from year to year, without regard to the vesting of the remainder devised to the grandchildren.

As to the prayer for an allowance for maintenance, it is only stated in the bill conditionally, in case the Court should hold that the trustee is not bound to account with the plaintiff and the other grandchildren annually. If, however, we had so held,

it is very clear that no such allowance could be made, even if the Court had jurisdiction.

*Judgment for the plaintiff.*