## WILLIAM FERSON *et al. versus* NEHEMIAH DODGE *et al.*

### SAME *versus* SAME.

A testator devised as follows : " I give to my beloved wife, A., the use and improvement of all my estate, both real and personal, so long as she remains my widow ; but if she marries again, then I give her the one half of my personal estate, after my debts and funeral charges are paid, to be at her own disposal, and the improvement of one third part of my real estate during her natural life, which is in lieu of her right of dower in my estate ; and I do hereby order her to pay all the legacies hereinafter mentioned. Item, I give and devise to my kinsman N., and to his heirs and assigns, all my real estate ; and I will, that he come into possession of two thirds thereof at my wife's marriage, and of the other third thereof at her decease. I also give him the one half of my personal estate after my just debts and funeral charges are paid ; and I will that he take possession of the same at my said wife's marriage. But if my said kinsman shall die before he comes into possession of my estate above given him, and leave no lawful issue, then I will, that all my estate which I have above given him, shall be and remain to my two kinsmen, E. and G., and to their heirs and assigns, in equal shares ; and that they come into possession of the same at the respective times my kinsman N. is to take possession, if he lives But if either of my kinsmen, E. or G., shall come into possession of said estate and leave no lawful issue, I will that my estate given them as above shall be and remain to the survivor of them, the said E. or G., and to his heirs and assigns for ever." The testator then gave several pecuniary legacies, of unequal amounts, to his various relations, but the will contained no residuary clause. The wife died

without having been again married. It was *held*, that this was not a devise to N of a contingent remainder in the real estate, depending, as respected two thirds thereof, on the marriage of the widow, and, as respected one third, on her death ; but that it vested an immediate estate in the whole of the real property, in him, subject to the right given to the wife therein ; and liable to be divested by his death without issue before the termination of her estate ; that in case N. should die before her, the whole real estate would vest in E. and G. by way of executory devise; and that the bequest to N., of one half of the personal estate, was also not dependent upon the contingency of the marriage of the widow, and that although she was not again married, yet N. was entitled to the possession thereof, as soon as her right to use it had terminated ; and that the other half, after the expiration of the wife's interest in it, was intestate property, and was to be distributed among the testator's heirs at law.

THE first of these cases was a petition for partition of land, which belonged to Grover Dodge, at the time of his decease The second case was a bill in equity, brought by certain of the heirs, and the administrator *de bonis non*, of Grover Dodge.

The bill in equity set forth, that on the 20th of October 1804, the deceased made a will, whereby he devised a large part of his estate in the following words : " I give to my beloved wife, Abigail Dodge, the use and improvement of all my estate, both real and personal, so long as she remains my widow ; but if she marries again, then I give her the one half of my personal estate after my debts and funeral charges are paid, to be at her own disposal, and the improvement of one third part of my real estate during her natural life, which is in lieu of her right of dower in my estate ; and I do hereby order her to pay all the legacies hereinafter mentioned. Item, I give and devise to my kinsman Nehemiah Dodge, son of my brother, Parker Dodge, deceased, and to his heirs and assigns, all my real estate ; and I will, that he come into possession of two thirds thereof, at my wife's marriage, and of the other third thereof at her decease. I also give him the one half of my personal estate, after my just debts and funeral charges are paid ; and I will, that he take possession of the same at my said wife's marriage. But if my said kinsman shall die before he comes into possession of my estate above given him, and leave no lawful issue, then I will, that all my estate which I have above given him, shall be and remain to my two kinsmen, Ephraim Dodge, son of my said brother Parker, and to Grover Dodge, son of my brother Nehemiah Dodge, and to their heirs and assigns, in equal shares ; and that they come into

possession of the same at the respective times my kinsman Nehemiah Dodge is to take possession, if he lives. But if either of my kinsmen, the said Ephraim or Grover, shall come into possession of said estate, and leave no lawful issue, I will, that my estate given them, as above, shall be and remain to the survivor of them, the said Ephraim or Grover, and to his heirs and assigns for ever."

The bill further set forth, that the testator died on or about the 1st of January, 1832 ; that Abigail Dodge, the widow of the testator, who was appointed executrix by the will, accepted the trust, and took possession of all the estate, real and personal, so devised, and held the same until her decease, without having been again married ; that during her lifetime, she conveyed a part of the personal estate, so bequeathed to her for life, to Nehemiah Dodge, who received the same without consideration paid therefor, well knowing that the same was held by her in trust ; that after her death, Nehemiah Dodge junior, and Grover Dodge, whom she had appointed executors of her will, accepted the trust, and took and retained possession of all the personal property of which she died possessed, as well her own as the property so bequeathed to her in trust for life ; and that the complainants had, at various times, requested Nehemiah Dodge junior, and Grover and Nehemiah Dodge, to come to a settlement with them, and to pay over and transfer to them the personal estate in question.

The bill thereupon prayed, that Nehemiah Dodge, and Nehemiah Dodge junior and Grover Dodge as executors of Abigail Dodge, might be compelled, by a decree of this Court, to pay to the complainants their respective portions of such personal estate, and that they might have such other and further relief, &c.

The defendants filed an answer, admitting most of the allegations above stated.

The introductory clause of the will contained the following words : " And my worldly goods and estate, I give, demise, and dispose of as follows ; " and after the clauses set forth in the bill, the testator proceeded to make several small pecuniary legacies to his sister, nephews, &c. The will contained no residuary clause.

The case was argued in writing.

*Saltonstall* and *Lord*, for the complainants. The rights of the complainants, as heirs at law, are not to be divested except by the clearly expressed intention of the testator. The devise of the real estate to Nehemiah Dodge was a contingent remainder, depending upon the marriage and upon the death of the wife. Upon her marriage, two thirds were to vest in him ; and upon her decease, the other third. But the contingency upon which the two thirds were to vest in him never happened ; and, therefore, the devise to him is void. Com. Dig. *Devise*, N 17, and *Estate*, B 16 ; *Carpenter* v. *Heard*, 14 Pick. 449 ; *Doe* v. *Freeman*, 1 T. R. 389. The condition annexed to the estate of Nehemiah Dodge, that he should be alive at the time of the marriage and death of the wife, shows that he had not a vested estate in fee in the whole ; and it tends to show further, that the testator intended to disinherit the heirs at law, only on the happening of both these contingencies, the marriage and the death of the wife. The testator uses the terms, " come into possession," " take possession," &c., as indicating the time, in each case, when the estate should vest.

As to the personal estate, the complainants contend, that the testator died intestate as to the whole. He gave the wife a life estate, and he made no other disposition of it, except in the event of the marriage of the wife. The plaintiffs, therefore, are entitled to it as the heirs at law.

*Choate*, for the defendants. In regard to the real estate, we contend, that Nehemiah Dodge took a vested remainder in fee in the whole, which was to come into possession, at all events, on the death of the widow ; and if she should again marry, he was to come into possession of two thirds of it at the time of such marriage. The rule of construction, adduced in the argument of the complainants, favoring the heir at law, is well established ; but the implication sufficient to disinherit the heir need not be *absolute*. 6 Cruise's Dig. *Devise*, c. 10, § 19 ; *Cook* v. *Holmes*, 11 Mass. R. 528. The rule does not apply where there is a manifest *general* intention to disinherit the heir, and the doubt arises merely as to the expressions used in mak ng a particular devise. Now, this general intention appears in the introductory clause of the will, expressive of an intention

on the part of the testator, to dispose of all his estate. This, though not of itself sufficient to pass an estate, is good evidence of an intention not to die intestate as to any part of the testator's property, interest, or estate. *Earl* v. *Grim*, 1 Johns. Ch. R. 494, 498 ; *Jackson* v. *Merrill*, 6 Johns. R. 185, 190. This general intention is also apparent from the fact, that the estate is, on a certain contingency, limited to some of the heirs at law in a different manner from that in which they would take by descent.

The defendants further contend, that that construction of the will is to be favored, which makes a complete disposition of all the estate, if such is the general intention. So that construction, also, is to be favored, which makes the remainders vested. *Dingley* v. *Dingley*, 5 Mass. R. 537 ; *Shattuck* v. *Stedman*, 2 Pick. 468.

The language of the devise is absolute and unconditional, and not contingent ; and the burden of proving a subsequent limitation or qualification of these absolute terms, is on the complainants.

As to the personal estate, the defendants contend that Nehemiah Dodge took the whole, after the death of the widow ; that at least he took a moiety, if no more ; and then the other moiety was intestate estate, to one half of which moiety the widow was entitled. *Pickering* v. *Lord Stamford*, 3 Ves. 333, 492 ; *Garthshore* v. *Chalie*, 10 Ves. 17 ; *Simpson* v. *Hornsby*, cited in 3 Ves. 334.

MORTON J. drew up the opinion of the Court. These cases depend upon the construction of the will of Grover Dodge.

The claimants in these suits are the heirs at law and the administrator *de bonis non*, of the testator. And the questions are, whether any of his estate remains undisposed of, and if any, how much. Whatever remained undevised, of course descended to the heirs at law. The inquiry necessarily divides into two branches ; the first relates to the real estate ; and the second, to the personal.

The intention of the testator to give the whole estate, both real and personal, to his wife during her life or widowhood, is well and clearly expressed. And as the wife never married

again, there can be no doubt that a life estate in the whole vested in her.

But the nature of the devise to Nehemiah Dodge is more doubtful. The heirs at law contend, that it was a contingent remainder, different portions of it to vest on the happening of different events ; the one, the marriage, the other, the death of the widow. And as the former contingency never happened, they contend that the two thirds which were to depend upon it never vested.

The real question is, whether the devisee took a vested or contingent remainder. If the latter, then, as to two thirds, the contingency never having happened, the estate never vested. We must enter into the inquiry with a recollection, that the law prefers vested to contingent remainders, and that when the will is susceptible of two constructions, the one favorable to the former and unfavorable to the latter, other things being equal, should be adopted. *Dingley* v. *Dingley*, 5 Mass. R. 535 ; *Shattuck* v. *Stedman*, 2 Pick. 468. But the intention of the testator must govern in all cases, if it can be ascertained. And in seeking for it, we are not restrained by unbending technical rules, but may adopt the most liberal construction without much regard to the grammatical structure of the sentences, or the precise definition of the words used. These instruments are sometimes made *in extremis*, and often drawn by unskilful persons. They are therefore entitled to great indulgence, and are treated with greater liberality than any other legal instruments. It frequently happens, in reading a loose and carelessly written will, that the meaning of the testator is perfectly obvious, and yet, by any strict rules of interpretation, it may be difficult to make it out.

In this case, we think that it is quite apparent, that the testator intended to give an immediate estate in the whole of his real property to N. Dodge, subject to the right given to his wife in the same, and liable to be divested by his death without issue before the termination of the widow's estate. Having carved out a particular estate for his widow, the testator gives to Nehemiah Dodge, all his real estate, with every expression necessary to create a fee. Then, in attempting to fix the period when the devisee should come into possession, consistently

with the prior devise to the wife, he accidentally, or because he supposed it was already expressed or implied, omits any mention of the death of the wife, and only provides for the event of her marriage. He directs that the devisee shall take possession of two thirds on her marriage, and of the other third on her death. Now to suppose that he intended that this devisee, favored above all his relatives in the same and nearer degrees, should have the whole estate, in case his wife married, and only one third in case she did not, would be giving it upon a contingency over which the devisee could have no control, and which, we think, is incompatible with the clearly manifested intent and purpose of the testator. That he intended and expected that this devisee, if he lived, would come into possession of the whole, not a part, of the estate, upon the death of his wife, we think, is apparent from the devise over to his nephews, Ephraim and Grover Dodge.

In providing for the death of N. Dodge without issue, and before he got possession, he says: "I will that *all my estate*, which I have above given him, be and remain to my two kinsmen, Ephraim and Grover Dodge." This expression, though not decisive nor very strong, tends to show an intention to dispose of the whole. If he had contemplated a contingency, upon which only a third was to go to Nehemiah, and then, upon another contingency, over to his nephews, he probably would not have used so strong and broad language.

The whole tenor of the will tends to show a desire to dispose of all his property. If he had supposed, that two thirds of his real and all his personal estate, might, in a particular and not improbable event, be left undisposed of, we cannot think, that he would have omitted the usual concluding clause, covering all the residue of the estate.

The special provision for all his numerous relatives and heirs at law, by specific legacies of unequal amounts, has a strong tendency to show, that he did not intend to leave a contingency, upon which a large and uncertain amount of his property should be distributed among his heirs at law.

We think, on the whole, that the mere reading of the will produces a very strong conviction, that the testator intended to give the whole of his real estate to Nehemiah Dodge, to come

25 *

into his possession upon the termination of the particular estate given to the widow ; and that if any words are needed to give this construction, they may be supplied by a necessary implication. The opinion of the Court therefore is, that the whole of the real estate vested in Nehemiah Dodge, and that he is entitled to hold it. It is not necessary to carry our examination further, and to fix a construction upon the clause in favor of the two nephews. It can hardly be doubted, however, that if Nehemiah Dodge had died before the widow, it would, by way of executory devise, have vested the whole real estate in them.

Most of the foregoing reasoning applies to the personal estate as well as the real. It is very clear that the testator omitted to insert in the will, provisions for events and contingencies, which must have been in his mind when he was performing the mental operation of making a *post mortem* disposition of his property. He began by looking at two events in relation to his wife, the one, her marriage, and the other, her death, and made a different disposition of his property to depend on each. But he had not proceeded far before he seems to have forgotten the one, and to have made all his provisions with reference to the other. This caused all the difficulty which we have experienced in our construction of the devise of the real estate.

It is not improbable, that the testator supposed that he had included all his estate, personal as well as real, in the first clause, and that the possession was to be taken on the death of the wife, in case she did not marry, and that all that remained for him to do, was, to provide for the contingency of her marriage. It is probable, that the testator intended to give to this favorite nephew all his personal as well as all his real estate, diminished only by the amount carved out for his wife be that more or less, according to the happening of the events by which it was to be affected. And this supposition is strengthened by the consideration before referred to, that the will contains no residuary clause. But this depends more upon conjecture than legal inference, and is too unsafe to be relied upon. 6 Cruise's Dig. *tit.* 38, *c.* 10, § 17. It is our duty to construe, not to make, wills. To infer from any thing contained in the will an intention to bequeath the whole per

.onal estate, would be to carry the doctrine of implication, which is always resorted to with caution and even fastidiousness, to an unreasonable length. We are therefore of opinion, that the whole personal estate does not pass by the will.

The will says : " I also give him [N. Dodge] the one half of my personal estate, after my just debts and funeral charges are paid ; and I will, that he take possession of the same at my said wife's marriage." The first clause, in our opinion, is independent of the latter, and the operation of the bequest was not intended to be suspended upon the happening of any contingency. He had before given the use of the personal property to his wife for life. And although the absolute property vested in this legatee, yet it was subject to the use of the wife. And although she never married, yet he was entitled to the possession of it as soon as her right to use it had terminated.

The result is, that one half was disposed of by the will ; the other, after the expiration of the wife's interest in it, remained intestate property, and is to be distributed among the heirs at law of Grover Dodge, according to the statute of distributions.