EDWARD R. WESTON & others *vs.* SUSAN FOSTER & others.

A rail road corporation is not a necessary or proper party to a process for partition
in consequence merely of having laid out and constructed its road over lands owned
by tenants in common.

The declarations of a testator, after making his will, of his purpose and intentions
therein. are not admissible in evidence, to control or explain it.

A testator devised real estate to his son J., to have and to hold to him during his
life, if he should continue to live ùnmarried ; but if he should marry and have
children, then to him, his heirs and assigns forever; and if he should die unmar-
ried and without children, then to be equally divided among the children of the
testator's sons, D., T. and H.: J. survived the testator, died unmarried and without
children: D., T. and H. had children at the time of the testator's death, and also
had children born after the testator's death, some of whom died under age and un-
married, living their fathers, before the death of J. *Held,* that J. took an estate
for life ; and that the children of D., T. and H., who were living at the time of the
testator's death, took *per capita* a vested remainder, which opened and let in the after-
born children. *Held also,* that the shares of those children of D., T. and H, who
died during the life of J., descended to their respective fathers.

THIS was a petition for partition of two acres of land in
Lynn, of which Edward R. Weston and Elizabeth his wife, in
her right, Antoinette Witt, Thomas F. Witt, Seabury T. Witt
and Ann H. Witt, alleged that they were seized of five eighths,
as tenants in common with Susan Foster, Holten Johnson and
Margaret his wife, in her right, James Alley and Abigail his
wife, in her right, and the Eastern Rail Road Company.

The facts agreed on by the parties were as follows :  The
petitioners are children of Thomas Witt.  Susan Foster and
Abigail Alley are the daughters of Benjamin R. Witt; and
Margaret Johnson is the daughter of Henry Witt.  Said Ben-
jamin R. and Henry Witt are sons of Benjamin Witt, deceased.
The Eastern Rail Road Company have laid out and constructed
their road across the land of which partition is sought.

The petitioners claim under the said Benjamin Witt, who
died in 1820, leaving a will which has been duly proved and
allowed, in which he devised all his real estate, after payment
of his debts, to his wife for life, and after her decease, one tenth
part thereof in fee to each of the following persons, viz., his
son Benjamin Witt, his daughters Abigail Alley, Mary Gifford,
Sally Newhall, Betsey Alley, the children of his son Daniel R.
Witt, the children of his son Thomas Witt, the children of his

son Henry Witt, the children of his deceased daughter Lydia
Haskell; and to his son John Witt, " one tenth part, to have
and to hold to him, for and during his natural life, if he shall
continue to live unmarried; but if said John shall at any time
marry and have children, then to him, his heirs and assigns
forever; and if said John shall die unmarried and without
children, then my will is, that the same be equally divided
between the children of my sons, Daniel R. Witt, Thomas Witt
and Henry Witt, to have and to hold to them, their heirs and
assigns forever."

Before the filing of this petition, all the estate devised by
said will had been divided among the devisees in fee, except
the portion in which John Witt had a life estate.

The said John Witt died in August 1841, unmarried and
without children.

At the time of the testator's death, viz. November 29th 1820,
his son Daniel R. had two children, viz. Susan and Abigail,
two of the respondents; his son Henry had three children, viz.
Henry, jr., Elizabeth, and Margaret, who is one of the respond-
ents; his son Thomas had five children, viz. Elizabeth, Antoi-
nette, Thomas F. and Seabury T., four of the petitioners, and
George D., who died unmarried and without children, during
the life of said John Witt.  At the time of the death of said
John Witt, his brother Thomas had another child, viz. Ann,
one of the petitioners, who was born about one month after the
death of the testator.  Said Thomas also had a daughter Juliette,
born in 1823, who died in 1824.   Two of the children of said
Henry Witt, viz. the aforesaid Henry, jr. and Elizabeth, died
unmarried and without children, during the life time of said
John Witt.   Neither Daniel R. Witt nor Henry Witt had any
child born after the testator died.   The said Daniel R. Witt,
Thomas Witt and Henry Witt, are all living.

The parties admitted, if the testimony were competent or
admissible, that the testator, after making his will, stated that
he had devised estate to the children of his sons Daniel R.,
Henry and Thomas, on account of the pecuniary embarrass-
ment of his said sons; and that, in respect to the devise to his

son John, he intended that it should go to the benefit of his said sons Daniel R., Henry and Thomas, in the same manner as the rest of his estate

On the foregoing facts the parties submitted to the court to decide what proportion of the premises the petitioners are entitled to. The parties also agreed that the name of the Eastern Rail Road Company might be stricken from the petition, if said company ought not to have been made a party thereto.

*Newhall*, for the petitioners.

*Stickney*, for the respondents.

SHAW, C. J. The principal question is, what proportion of the described premises the petitioners are entitled to.

It appears by the facts agreed, that the estate of Benjamin Witt, the grandfather of the petitioners, under a devise from whom they claim, was divided and distributed according to his will, and one tenth part thereof was set off to his son John, to hold for life, or in tail, or fee simple, as the terms of such devise should be construed; and the premises, of which partition is now sought, are the part thus set off to John. The question therefore depends upon that clause in the will of Benjamin Witt, in which he devises a part of his estate to his son John, with remainders over.

Two preliminary questions may be first disposed of. 1. The court are of opinion, that the Eastern Rail Road Co., by having laid their road over the premises, acquired only an easement therein, and no title to the estate ; or were it otherwise, it would be a severa. estate in the parcel acquired, not an estate in common, in the whole parcel. They are therefore no necessary or proper parties to this proceeding. Their easement will not be affected by it, and they may be stricken from the petition, according to the agreement. 2. The court are also clearly of opinion, that the parol evidence, stated in the case, is not admissible to prove the intent of the testator, or to explain or control the will.

Then the question recurs upon the construction of Benjamin Witt's will which is in this form : " One tenth part to my son John Witt, to have and to hold to him, for and during his natu

ral life, if he shall continue to live unmarried; but if said John shall at any time marry and have children, then to him, his heirs and assigns forever; and if said John shall die unmarried and without children, then my will is, that the same be equally divided between the children of my sons, Daniel R. Witt, Thomas Witt and Henry Witt, to have and to hold to them, their heirs and assigns forever."

1. The court are of opinion, that this devise constituted an estate for life in John, which vested at the decease of the testator; to become an estate in fee upon a condition — that of marriage and the birth of a child. But this being a condition precedent, no such enlarged estate vested in John, because the event never happened.

If this gift could be construed to be an estate tail, by implication, to John Witt, it was with remainder over to the children of the three brothers; and as John did not bar the entail in his life time, and died without issue, the devise of the remainder over would take effect, and vest the estate in the same children.

2. This being a devise to John for life — or even if it were in tail it would make no difference — with remainder in fee to the children of Daniel R., Thomas and Henry, there being children of these sons then living, it was a vested remainder, and vested in them at the time of the death of the testator. But as it was intended for the equal benefit of all the children coming within the description, it would open to let in after-born children. *Dingley* v. *Dingley*, 5 Mass. 537.

3. The court are also of opinion, that all the children of the three sons took in their own right *per capita*, and not *per stirpes*, and that the mention of the names of their fathers, was only by way of designation of the persons who were to take.

It appears by the agreed statement of facts, that at the time of Benjamin Witt's decease, the children to take the vested remainder were as follows: Elizabeth, now Mrs. Weston, Antoinette, Thomas F., Seabury T., and George D., since deceased — children of Thomas: Susan, now Mrs. Foster, and Abigail now wife of James Alley — children of Daniel R.: Henry, jr. and Elizabeth, both since deceased, and Margaret, now wife of Holten

Johnson — children of Henry. These took the remainder *per capita,* one tenth each. Afterwards there were born Ann, and Juliette who has since deceased — children of Thomas ; whereby the remainder was divided into twelfths, and all the above-named persons consequently took one twelfth each.

No other child, either of Daniel R. or Henry Witt, was born after the death of the testator.

It appears that at the time of the death of George D. and Juliette, children of Thomas, they were under age and unmarried, and their father was living ; of course, he took their shares of one twelfth each, as sole heir. Rev. Sts. *c.* 61, § 1, clause 2d. This does not go to the other children, under the 7th clause of the same section, although these children died under age and unmarried, because it was not an estate which came to them by descent ; but it came to them by purchase, to wit, by devise.

If at the time of the decease of Henry Witt, jr. and Elizabeth, they were respectively under age or intestate, and without issue, their father, Henry Witt, then living, took their shares, by descent as sole heir, subject to the payment of their debts, if any.

The court are therefore of opinion, that the petitioners are each entitled to one twelfth part of the premises described in the petition, and to have partition made accordingly.