Houston, J.,

delivered the opinion of the Court: This case has been argued twice before the Court; once before the present Chief Justice came upon the bench, and again at this term. The question involved in it has, therefore, been maturely considered and well discussed by the counsel on both sides, and I now proceed to-announce the opinion of thp Court upon it. ,
There is no doubt about the general principle, or abstract rule of legal construction, in regard to the testamentary dispositions, stated and relied upon in this case by the counsel for. the plaintiff. It is true, it was at one time considered that only the children who were in being at the time of executing the will could take under such a devise, and that it was afterwards held, that as the will took effect from the death of the testator and not before, all who were horn and in being at that time were equally *287 entitled to the benefits of it. But later decisions have still further enlarged these devises in certain cases, both in relation to real and personal estate, and the general rule of construction, as stated and deduced from the authorities cited, is now too well established to be doubted or denied. Still, it is only a rule of legal or judicial construction, in the interpretation of such devises, and as there is nothing of a technical character in the force and operation of it, like other general rules of testamentary construction, it has always been held tó be subject and subordinate to the intention of the testator to the contrary, when so indicated in the will itself. 2 Jarm. on Wills, 74; Annables v. Patch, 3 Pick. 364; Dingley v. Dingley, 5 Mass. 537. In the latter case, which was a devise similar to this, Parsons, Oh. J., remarks: “ The expression in the will is general, ‘ to be divided between his, Abner’s, sons,’ which includes all his sons. If he had intended to confine his bounty to his grandchildren then living, he would have so limited it, either expressly, or by naming them, or in some other way.”
The general rule, which has been correctly stated, we understand to be this: When the devise or bequest is to children, or to brothers and sisters generally, as a class, without mentioning them individually by name, and the time appointed for the possession, or distribution of the property, is deferred until after the death of the testator, or is dependent upon a future contingency which does not occur until after his decease, it will embrace all the children, or all the brothers and sisters; or, in other words, all the objects who compose the class in being when the contingency happens, or the appointed period for the distribution or enjoyment of the property arrives, whether born before or after the death of the testator. But, as we have before observed, this is not the rule, for it has no application to the case, when the testator has expressly limited his bounty to a portion of the class, as to the children, or the brothers and sisters then living, or such as may be born before his death, or he has indicated his intention, *288 either by naming a part of them, or in any other way so to limit or restrict the benefits of the devise to "a portion of the general class only.
And if such only is the extent and operation of ,the rule in question, is there no purpose or intention apparent in the several items and provisions of this will, in relation to his grandchildren, which indicates a design, on the part of the testator, to restrict every devise and bequest contained in it, so far as it relates to them, to a part of them only; that is to say, to such only as should be in existence at his death? We think there is; for, in the first place, all of them who were born and in being at the date of the will, are respectively and individually named and referred to in some item or other of it, and they are severally provided for by immediate gifts of real or personal estate, or both, as his grandchildren then living at the date of his will. But not content to stop here, he afterwards proceeds, in a subsequent provision of the will, to say: “ In case I should have any grandchildren, or grandchild, born between the date of this will and my death, I give and bequeath to every such grandchild so born, on attaining the age of twenty-one years, the sum of five hundred dollars,” which was in amount just the same legacy which he had before bequeathed to several of his grandchildren respectively, who were then in being at the time of making his will. If he did not intend, so far as he has thus proceeded in the preparation and expression of his will with regard to them, to limit and confine his bounty towards them to such as' were then born, and might be born, between the date of his will and the time of his death, why should he have employed terms of such unequivocal and positive restric-' t-ion in this, the only clause of his will which contains any express or necessary reference to his prospective and future grandchildren at all? And in the next succeeding item he adds: “ In case any of my grandchildren, hereinbefore ■ named or referred to, shall die before the age of twenty-one years, leaving issue,” then the issue are to take the share or portion of his estate which the parent would have taken *289 if living; but if any should die without issue, then the share or portion of the grandchild so dying is to go to his or her “ surviving brothers and sisters,” to be equally divided between them. The words, “ grandchildren hereinbefore named, or referred to,” seem not only to be susceptible of a very simple explanation, but also to have a very plain and appropriate meaning and relation to what has before preceded them in the will; for all his grandchildren who were then born, and whom he could therein-before name, he had already severally named in his preceding devises, or bequests, to them individually and respectively; and such as he could not name, from the fact that they were not yet in being, he had referred to as his grandchildren who might be born between the date of his will and the period of his death. And having thus indicated and expressed a clear and explicit intention, as we think, throughout the previous provisions of his will, to limit and restrict to such of his grandchildren as were then born, and those who should thereafter be born before his death, all the immediate and prospective, or vested and contingent limitations of his bounty, whether given to them presently and severally in the first instance, or collectively and in common, by way of remainder, afterwards, it seems to us it would be extremely unreasonable, if not absurd, to suppose that he would suddenly drop and depart from his original and well-defined intention, as thus exhibited and preserved throughout the preceding portions of it, almost in the last four words of his will, having any relation to these parties, when he comes to wind up and finally dispose of the remote and ultimate contingencies of these devises and bequests to the “ surviving brothers and sisters” of his grandchildren, thereinbefore named, or referred to, as then existent, or to be born before his death. But read in the connection in which these latter words stand with the foregoing provisions of the will, they have relation to the objects, or the grandchildren before named or referred to, and consist of the same class to which his bounty had been expressly limited and restricted in the *290 preceding provisions of it, in- regard to these grandchildren of the Hemphill stock; for the words, “ surviving brothers and sisters,” in this case, import and mean the same persons, as if the testator, instead of adopting this phrase, had used the words, “my surviving grandchildren above named and referred to, of that branch or stock;” but there being grandchildren of the name of Jones, as well as Hemphill, who were only collaterally related, and between whom, of course, he intended to create no cross limitations over, in this or any of the other items of the will, it was more concise and convenient for him, in this passage of the will, to drop the relation in which they stood to himself as his grandchildren, and to speak of them as “ surviving brothers and sisters,” in their relation to each other. We are, therefore, of the opinion that there is nothing in these words, in the present case, when taken in the connection and relation in which they stand to the rest of the'will, and when correctly interpreted and understood, which can have the effect to enlarge the operation of the devise in question, so as to include any of the surviving brothers and sisters of William Hemphill, the grandson and devisee; or (which is the same thing expressed in other words) any of the surviving grandchildren of the testator, born after his death. We must, therefore, give'judgment for the defendants.