JONATHAN I. BOWDITCH *vs.* LOUISA M. ANDREW & others.

A testator who died leaving a wife and several children devised the residue of his estate, real and personal, in trust, to pay a certain sum annually to his wife, for her sole and exclusive use, and to pay over from time to time to his wife " such sums of money annually as to my wife and the said trustee shall seem to be necessary for the maintenance of my family, and the support and education of my children;" and after her death to divide the trust fund equally among all his children, and the representatives of any deceased child or children, and to pay over and convey the same to them as follows: the portions of his sons to them as they should severally become of age; and the income of the portions of his daughters to them during their lives, and after their deaths the principal of each to her heirs at law. He also directed the trustee to retain the dwelling-house for the use and occupation of his widow and family. All of the children afterwards died without issue; the dwelling-house was sold; and the testator's wife ceased to keep house. *Held,* that a termination of the trust might be decreed; that the widow was no longer entitled to receive the sum directed to be paid to her for the maintenance of the family; and that the children took a vested interest under the will.

BILL IN EQUITY, in the nature of a bill of interpleader, brought by the trustee under the will of John F. Andrew, to obtain instructions as to the execution of his trust.

It appeared from the bill and answers that the testator died in December 1847, leaving a wife and four children, and a will, by which, after certain bequests to his wife, he devised the residue of his estate, both real and personal, to the plaintiff in trust, to receive the income, dividends and proceeds of the same, and dispose thereof as follows: " Out of said dividends, income or proceeds, to pay over to my said wife Louisa, annually, a sum equal to the legal interest on the sum of twenty-five thousand dollars, during the lifetime of my said wife, and for her sole and exclusive use and benefit;" " to pay over, from time to time, to my said wife Louisa such sums of money annually as to my wife and the said trustee shall seem to be necessary for the maintenance of my family, and the support and education of my children; and after the death of my said wife Louisa the said trustee shall retain and hold the whole of the aforesaid rest, residue and remainder of my estate on the trusts and subject to the conditions following, viz: to divide the same equally among all my children, and the representatives of any deceased child or children, and to pay over and convey the same to my

said children, their representatives or heirs at law, in the manner following, viz: the portions of personal estate, and of the real estate, if the same shall not have been sold by said trustee, of such of my sons as shall be of age at the death of my wife, shall be paid over and conveyed to them severally, as soon as may be after the death of my said wife, by the said trustee; and to such of my sons as shall not be of age at the death of my said wife, their portions shall be paid over and conveyed by said trustee as they severally become of age; the portions of real and personal estate of my daughters shall be held and retained by said trustee, after the death of my said wife, upon the trust to receive the income of the said portions, and pay over said income to my said daughters, in the proportion to which they are severally entitled, during their lifetime; and after their death to pay over and convey the portion of each of them to their heirs at law."

By a codicil to his will, the testator directed the trustee, after providing for the above payments to his widow, for the purposes mentioned, if it should appear that a sufficient amount was left therefor, to pay to each of his sons as he should become of age, and to each of his daughters as she should become of age or be married, the sum of five thousand dollars; or, in case it should appear that the amount of property left was insufficient to justify the payment of so large a sum, then he directed the payment, to each of his sons and daughters as aforesaid, of such sum less than five thousand dollars as to his trustee should seem reasonable and proper.

By a second codicil, the testator added the following provision, amongst others: " It is my will, and I do hereby direct, that in case my widow and family shall be desirous to possess and occupy the dwelling-house of which I am part owner, and in which I now reside, then and in that case I hereby direct my executor and trustee not to sell or convey any part of said dwelling-house, but to retain the same for the use and occupation of my widow and family; and if my widow and family should desire to occupy the whole of the house, as I now do, then I direct my executor and trustee aforesaid to hire the other part of the

said dwelling-house at a proper and reasonable rent, if the same can be so obtained, so that my widow and family may occupy the whole of the said dwelling-house, as I now occupy it, as long as it may be convenient and desirable so to do."

Three of the testator's children died under age and unmarried; and the fourth, Forrester Andrew, died testate, after becoming of age, leaving no property except his interest in his father's estate. The only heir at law of John F. Andrew, living at the time of Forrester Andrew's death, was Isaac W. Andrew. The dwelling-house occupied by John F. Andrew has been sold, and his widow, after the sale, ceased to keep house, and has ever since lived as a boarder with strangers.

The parties defendant were the testator's widow, the legatees under Forrester Andrew's will, and Isaac W. Andrew. The case was reserved by the chief justice for the determination of the whole court.

*C. A. Welch,* for Louisa M. Andrew.

*S. H. Phillips,* for I. W. Andrew.

*H. Gray, Jr.,* for legatees under Forrester Andrew's will.

HOAR, J. The power and duty of this court, as a court of equity, to decree the termination of a trust, and a conveyance of the trust estate to the parties beneficially interested in it, when the whole objects and purposes of the trust have been accomplished, the interests created under it have all vested, the parties request it, and the trustee consents, cannot be doubted. *Smith* v. *Harrington,* 4 Allen, 566.

The case then presents but two questions: first, whether the direction to the trustee to pay over to the widow of the testator from time to time such parts of the income of his estate as should seem to her and the trustee necessary for the maintenance of his family and the support and education of his children has become inoperative by the death of all the children, the sale of the house in which the family resided, and the widow's ceasing to keep house for herself; and secondly, whether the equitable interest which was given to the children was a vested or contingent interest.

. The word " family " may, undoubtedly, sometimes be so used

as to include a wife as well as children. Indeed, it would usually be so understood, if there were nothing to show that the contrary were intended. And we think the whole language of the will shows that it was meant to include the wife and children, while they should live together and thus constitute a family. The will made no other provision for the children during the life of their mother than that which was contained in this clause. A very considerable amount of property was given to the widow, for her sole and exclusive use and benefit. But the testator seems to have contemplated that during the whole life of his widow there would be a household to be maintained. His children were young, and for a considerable period, at least, would be likely to live with their mother, and be dependent upon her. And we think it was in reference to this probability that he used the phrase " maintenance of my family;" in addition to " the support and education of my children." The first had reference to the expenditures necessary for the joint maintenance of those who should live together collectively; and the second was intended rather to provide for the children separately, as they should cease to continue members of the family, on their marriage, or leaving home for purposes of education or settlement in life. This view is confirmed by the language of the codicils, especially of the second codicil, in which the use of the dwelling-house is given to his " widow and family." And after the death of all the children without issue, the sale of the dwelling-house, and the ceasing to keep house by the widow, we do not think she can be regarded as constituting the " family," for whose support the provision in the will was designed.

The remaining question is not attended with any difficulty. The whole equitable interest in the residue of the estate undoubtedly vested in the children, subject to the discretionary disposition of the income during the life of their mother; the possession only being postponed till the death of the widow. The principle is fully stated in the leading case of *Shattuck* v. *Stedman*, 2 Pick. 468, and has been followed in many other cases cited in argument. *Winslow* v. *Goodwin*, 7 Met. 381. *Childs* v. *Russell*, 11 Met. 16. *Furness* v. *Fox*, 1 Cush. 134.

*Wight* v. *Shaw*, 5 Cush. 60. *Eldridge* v. *Eldridge*, 9 Cush. 516. *Barton* v. *Bigelow*, 4 Gray, 353.

The *dictum* in *Dingley* v. *Dingley*, 5 Mass. 535, was the ground of the very imperfectly reported decision in *Denny* v. *Allen*, 1 Pick. 147, and was stated as one of the reasons for the decision in *Emerson* v. *Cutler*, 14 Pick. 108. But *Denny* v. *Allen* was questioned in *Winslow* v. *Goodwin*, 7 Met. 381, and in *Wight* v. *Shaw*, 5 Cush. 60, and can no longer be regarded as an authority; and *Emerson* v. *Cutler* was decided correctly upon another ground. The whole weight of authority in this commonwealth and in England is clearly in favor of treating the legacies as vested.

A decree is therefore to be entered to terminate the trust, and to authorize the trustee to pay over the residue to the personal representatives of the deceased children, in order that, if there are no claims of creditors, three eighths may go to the widow, and five eighths to the uses of the will of Forrester Andrew, the survivor of the children of the testator. Costs are to be allowed from the fund.                                    *Decree accordingly.*