ATMORE et al. v. WALKER et al.[1]

*(Circuit Court, D. Delaware. May 8, 1891.)*

1. WILLS—CONSTRUCTION—VESTING OF ESTATE.
    A testator gave the interest of $5,000 to his wife for life, and after her death the fund to be divided between his two step-daughters, providing that, in case of the death of either or both step-daughters within 10 years from the date of his will, his son was to have the use of said $5,000 by paying the interest to the children of deceased step-daughter or step-daughters, and, if said step-daughters "should die before the expiration of the above mentioned 10 years, at the expiration of the above mentioned 10 years, in case either or both of the" step-daughters "die, the money shall be divided" among their children. *Held,* while the collocation of words used by the testator in unnecessarily repeating the conditions attached to the payment of the $5,000 might import a contingent remainder, yet, as the general scheme of the will showed an intention that the testator's widow and her daughters were to have successively the use of the $5,000, and that the principal sum should be divided equally between said daughters' children ultimately, this condition in the will attaches to the time of payment of the legacy only, and it vested *instanter* in the children of the step-daughters, the time of payment being postponed.
2. SAME—LEGACIES CHARGED ON THE LAND.
    A testator devised two legacies, which vested *instanter*, but were payable in the future, and a residuary devise "of all his estate, real and personal, * * * after the above" legacies "are paid, or secured to be paid." *Held,* as there had been no express trust to pay the legacies, and as a general residuary disposition of the estate was made, the legacies will be a charge on the land.
3. EXECUTORS—SUFFICIENCY OF BOND.
    Where legacies are "to be paid or secured to be paid," and the time of payment is uncertain, and may not be for many years, the executor's statutory bond, which is limited to six years, is not a proper security.

Bill in equity by Jane Atmore, administratrix, and the heirs at law of Ann Jones, deceased, a legatee under the will of Joseph Dean, against John H. Walker, administrator *d. b. n. c. t. a.* of Joseph Dean, deceased, and the heirs at law of Joseph Dean, and creditors of his estate, to determine whether said legacy was vested or contingent, and, if vested, whether or not a charge upon the real estate owned by Joseph Dean at the time of his death. Joseph Dean, by his will, dated January 6, 1860, directed, *inter alia,* as follows: *First.* That all his debts and funeral expenses shall be paid as soon after decease as possible. *Secondly.* That his wife—

[1] Reported by Mark Wilks Collet, Esq., of the Philadelphia bar.

"Shall receive the interest five thousand dollars during her life-time, in lieu of her dower at common law, if she shall so elect. * * * On the death of my beloved wife, the interest of said five thousand dollars to be paid to her daughters, Elizabeth Scarborough and Ann Jones, in equal parts during their lives. In case of the death of either or both of the aforesaid Elizabeth Scarborough and Ann Jones before ten years from the date of this will, my son, William Dean, is to have the use of the said five thousand dollars, by paying the interest to the children of the said Elizabeth Scarborough and Ann Jones. After the death of Elizabeth Scarborough and Ann Jones, if they should die before the expiration of the above mentioned ten years, at the expiration of the above mentioned ten years, in case either or both the aforesaid Elizabeth Scarborough and Ann Jones should have died, the money shall be divided in two equal parts, and be divided between their children equally. * * * *Thirdly.* I do give and bequeath to my son, William Dean, after all my debts, funeral expenses, and the above mentioned five thousand dollars are paid, or secured to be paid, the residue of my estate, real and personal, of all and every description, of which I may die seised or possessed."

Ann Jones died more than 10 years after the death of Joseph Dean.

*H. Gordon McCouch* and *James H. Hoffecker, Jr.*, for complainants.

*Benj. Nields* and *E. G. Bradford*, for respondents.

WALES, J. The questions raised by the bill and answer are whether the legacy bequeathed to the children of Ann Jones is vested or contingent, and, if vested, whether it is or not a charge upon the real estate owned by the testator at the time of his death. It is claimed by the defendant that the legacy to the children of Elizabeth Scarborough and Ann Jones is made contingent upon the death of one or both of their mothers within 10 years from the date of the will; and that, as both Elizabeth and Ann survived the 10-year limit, the contingency on which the payment of the legacy to their children depended never happened; that William Dean was to retain the use of the principal ($5,000) until the end of 10 years from the date of the will, and then, provided that Elizabeth or Ann should be dead, to divide that sum among their children; but that, if neither Elizabeth nor Ann should be dead at that time, no division of the fund could be made then, nor at any time thereafter, for the reason that the will is silent as to how a division shall be made under such circumstances. In construing wills of this class, two rules are to be observed: *First*, a remainder will not be construed to be contingent merely from the inaccurate and inartificial use of expressions importing contingency, if the substance and effect of the limitations afford ground for concluding that they were not used with a view to suspend the vesting; *second*, that a legacy will be construed to be contingent, if clearly so expressed, however absurd and inconvenient such a construction may be, and however inconsistent with what may be conjectured was the testator's intention. 2 Pow. Dev. 224. To these may be added a third rule, that, where the question is whether a legacy is vested or contingent, the burden of proof is upon those who claim the latter construction, and a remainder will not be construed as contingent when it can be construed, consistently with the testator's intention, to be vested. *Dingley* v. *Dingley*, 5 Mass. 535. It is also a canon of construction that

words and limitations may be transposed, supplied, or rejected where warranted by the immediate context or the general scheme of the will. Interpreting the will of Joseph Dean according to these rules, what is the meaning of the instrument? He begins by directing the interest of $5,000 to be paid to his wife annually during her life, and on her death the interest of the said sum is to be paid in equal parts to her two daughters, Elizabeth and Ann, during their lives, and, on the death of one or both of the daughters, the principal sum is to be divided equally among their children: provided, always, that William Dean, the testator's son, is to have the use of the principal until the end of 10 years from the date of the will; he paying the interest on the same to the children of Elizabeth and Ann, if the latter should die within the 10-year limit. The residuary clause gives all the estate, real and personal, "after all my debts, funeral expenses, and the above mentioned five thousand dollars are paid, or secured to be paid," to William Dean. The general scheme of the will is that the testator's widow and her two daughters are to have successively the annual interest of $5,000 during their lives, and that the principal sum is to be ultimately and equally divided among the children of these two daughters, with the exception of Robert Kershaw, from whose share $300 are to be deducted on account of a debt due from him to the firm of Joseph Dean & Son. The testator left a considerable estate. His only son was his principal legatee, and the prominent purpose in the testator's mind when finally disposing of the $5,000 was to provide against the payment of that sum before the expiration of 10 years from the date of the will, and, in the endeavor to make his meaning clear, he unnecessarily repeats the condition attached to the payment, and thus gives rise to the question whether the gift is vested or contingent. The residuary clause shows that he intended to dispose of all his property absolutely, and that by the use of the words "paid, or secured to be paid," he contemplated the payment of the $5,000 to the children of Elizabeth and Ann. But in no event was the testator's son to be called on to pay that sum until the end of the 10-year limit. This condition was attached to the time of payment, and not to the legacy, which makes the difference between a vested and contingent remainder. The legacy to the children of Ann Jones, therefore, vested *instanter*, but the time of its payment was postponed. The collocation of words used by the testator may suggest or import a contingent remainder, but there is no such clearly expressed intention in his will, viewed as a whole, as will support the claim of the defendant. The context of the will is inconsistent with such intention.

The second question admits of less doubt than the first one. In *Lewis v. Darling*, 16 How. 1, the court held that whether the legacy was a charge on the real estate depended upon the intention of the testator, to be collected from the residuary clause of the will; the rule being that, where the testator gives several legacies, and then, without creating an express trust to pay them, makes a general residuary disposition of the whole estate, blending the realty and personalty together in one fund, the real estate will be charged with legacies, for in such a case the resi-

due can only mean what remains after satisfying the previous gifts. The court further says that such is the settled law both in England and in the United States; citing Hill, Trustees, 360. See, also, *Bank* v. *Hays*, 12 Fed. Rep. 663; and *Rambo* v. *Rumer*, 4 Del. Ch. 9. William Dean was to receive the whole estate of the testator, less the "debts, funeral expenses, and the above mentioned five thousand dollars;" which last sum was to be "paid, or secured to be paid," before he could claim the residue. There can be no doubt that the legacy to the children of Elizabeth and Ann is a charge on the real estate.

The statutory bond executed by William Dean on taking out letters testamentary did not, nor was it designed to, secure the payment of this legacy, because the time of its payment was uncertain, while the security afforded by the bond was limited to six years from its date, after which period no action could be brought on it against either the principal or his sureties. In fact, the legacy did not become payable until more than 20 years after the date of the bond, and long after the bond had been barred by the statute of limitations. It follows that the words in the residuary clause, "secured to be paid," must have meant some form or kind of security which would be more permanent and enduring than that furnished by the executor's bond.