1835.

Van Vechten
v.
Pearson.

### Van Vechten and wife vs. Pearson and others.

Where the testator devised an undivided portion of his real and personal es-
tate to trustees, in trust to receive the rents, profits and income thereof, and
to appropriate the same to the use of his daughter for life, free from the
control of her husband, with remainder to her children in fee; and with a
limitation over to the testator's two sons in case of the death of the daugh-
ter without leaving any child or children, or of the death of such child or
children without lawful issue; *Held*, that the word *or* in the last limitation
was to be construed *and*, so as to make the ultimate limitation over to the
sons dependant upon an indefinite failure of issue; and that such limita-
tion over was void. *Held*, also, that a child of the daughter, who was in
esse at the death of the testator, took a vested remainder in fee, which
opened and let in an after-born child as a tenant in common in such re-
mainder.

September 12.    THIS case came before the court upon a bill for the parti-
tion of the real estate of Teunis T. Van Vechten, deceased,
and for a distribution of his personal estate and the settle-
ment of the account of the surviving executor. The testator,
by his will, devised and bequeathed his residuary estate, both
real and personal, as follows : " The one equal third part there-
of to my son Teunis Van Vechten, his heirs and assigns ; one
equal third part thereof to my son John Van Vechten, his heirs
and assigns ; and the remaining third part to my beloved wife
Elizabeth and my sons Teunis and John Van Vechten, and the
survivor and survivors of them, and their or his assigns. In
trust, nevertheless, that the rents, issues and profits, and the
use and enjoyment thereof, shall be applied and appropriated
by the said trustees, or by the survivors or survivor of them,
their or his assigns, to my daughter Judith, the wife of George
Pearson, for and during her natural life, in such manner as
they, the said trustees, or the survivors or survivor of them,
their or his assigns, shall deem proper to secure the benefit
thereof to my said daughter, during her natural life, free from
the control of her said husband ; and, upon this further trust,
that, at the death of my said daughter, all the one third of my
said real and personal estate so as aforesaid devised in trust
for her benefit, and the rents, issues and profits thereof which
remain unexpended, shall, by the said trustees, or the survi-

vors or survivor of them, their or his assigns, be applied to the use and benefit of the child or children of my said daughter, their heirs or assigns. But in case of the death of my said daughter, without leaving any child or children, *or* of the death of such child or children whithout lawful issue, then the one third of the real and personal estate so as aforesaid devised in trust, with the rents, issues and profits thereof which shall remain unexpended, shall vest in and be applied to the use, benefit and behoof of my aforesaid sons, their heirs and assigns, forever." The questions which were presented for the consideration of the court, arose upon the devise in trust for the benefit of Judith Pearson and her children. The guardian ad litem of the infant heirs of John Van Vechten, one of the testator's sons, insisting that the contingent limitation over of the ultimate remainder in the trust estate, to the sons, was valid; and the only surviving child of Mrs. Pearson claiming the ultimate remainder in fee, on the death of the mother, as an absolute fee, and not a base or determinable estate or interest.

*John Davis*, for the complainants.

*S. Stevens*, for the daughter of Mrs. Pearson.

*J. B. La Forge*, for the infant heirs of J. Van Vechten.

THE CHANCELLOR. If the word *or*, in the clause of the will which limits a contingent remainder in fee to the two sons of the testator, is to be construed in its ordinary sense, disjunctively, it would give to them the ultimate remainder in the trust estate upon the death of Mrs. Pearson without leaving any children living at that time, although the deceased children should have issue then living. But it would undoubtedly be doing violence to the intention of the testator to suppose he meant to exclude the issue of Mrs. Pearson's children, although the children themselves might all have died in the lifetime of their mother. The testator divided his estate into three equal portions, for his three children, and de-

vised to each of the sons one third in fee. And although he vested the other third in the trustees, for the benefit of his daughter and her children, free from the control of her husband, there was no reason why the issue of Mrs. Pearson should be excluded from the inheritance after her death, although her immediate descendants might all happen to die in her lifetime. In giving a construction to a will it frequently happens that a word which has been erroneously used by the testator is taken by the court in the sense in which he meant to use it, as his intent can be ascertained from the situation of his family or estate, when taken in connection with other parts of the will. And the word *or* in wills is constantly construed to mean *and*, where its use in a disjunctive sense would produce an effect which could not probably have been intended by the testator. (16 *East's Rep.* 69. *Ram's Law of Wills*, 55.) The last clause of the devise of the trust property must, in this case, to carry into effect the evident intent of the testator, be so construed as to give the remainder to his two sons only in the event of Mrs. Pearson's dying without leaving any child or children, *and* of the death of her children without lawful issue. They are, therefore, to take the ultimate remainder in the trust property only upon the happening of the contingency of the total failure of the issue of Mrs. Pearson and her children. And according to the decision of the court for the correction of errors, in the recent case of *Paterson* v. *Ellis and others,* (11 *Wendell,* 259,) the failure of issue of the children must be construed to mean an indefinite failure, as well in regard to the personal property devised to the trustees as to the real estate. The limitation over to the sons is therefore void, as being too remote.

Georgiana, the only child of Mrs. Pearson who was living at the death of the testator, took a vested remainder in fee in the trust property, subject to open and let in after-born children. And upon the birth of Anna, she took a vested remainder in one half of that which had previously vested in her sister, but subject also to open and let in others who might thereafter be born. By the death of Anna, without issue, her sister became vested with all her interest in the real estate, as her only heir at law under the statute of descents then in

force. (1 *R. L. of* 1813, *p. 53.*) And if there were no broth-
ers or sisters of the half blood, Anna's interest in the personal
property of the testator is to be distributed to her mother and
her sister Georgiana in equal proportions. So that the moth-
er is now entitled to the whole beneficial interest in one half
of the personal property devised in trust, (1 *R. L.* 314, § 16 ;
2 *R. S.* 96, § 75, *sub. 6* ;) subject only to the contingency of
her having other children who may come in for a share of the
remainder which was vested in her deceased daughter Anna.