# STRAFFORD,

## JULY TERM, A. D. 1854.

---

## YEATON *v.* ROBERTS & a.

28 459
66 587
28 459
69 215

Upon a devise of real and personal property to one for life, " then to go and de-scend to the children of A. and the children of B., and such other children as they may hereafter have, in equal shares, in fee," the children of A. and B. living at the death of the testator, take a vested remainder, subject to open and admit after-born children to a participation. And the share of one of these children who dies, passes, according to its quality, to the administrator and heir of such child.

If the person to whom the property is given for life, decline to accept it, it vests in possession in those to whom it was limited in remainder, and the heirs of the testator have no right to the possession during the life of the first devisee.

Where there is a devise or a legacy to several in succession, it does not lapse by the incapacity or refusal of the first devisee or legatee to take, but passes to him next in succession.

IN EQUITY. Ebenezer Yeaton made his last will and tes-tament, which, after providing for the payment of his debts, contained the following passages:

" Item 1st. I give to Oliver Yeaton and wife, and The-odore Yeaton and wife, all of said Somersworth, the use and improvement of all that lot of land and buildings on which he and his father now lives and occupies, during the life-time of all or either one of them, and then to descend and go in fee to the children of the said Oliver, and such other children as he may hereafter have, in equal shares.

" Item 2d. I give and bequeath to Leavitt H. Yeaton, all he may be owing to me at the time of my decease, on con-dition that he, the said Leavitt H. Yeaton, of said Somers-

worth, pay to Moses Yeaton of Portsmouth, brother to said Leavitt, a sum equal to the one-half of said sum that he may owe me as aforesaid.

" Item 3d.   I give to my beloved wife, Mary Yeaton, the use of all the rest and residue of my estate, real, personal or mixed, wherever the same may be lying or being situated or found, to her, for and during her natural life, and no longer ; and then to descend and go to the children of said Oliver Yeaton, and to the children of said Leavitt H. Yeaton, and to such other children as they may hereafter have, in equal shares, in fee.

" And I do hereby constitute my wife, the said Mary Yeaton, sole executrix of this my last will."

The testator died on the 15th of August, 1847, leaving Mary Yeaton, in the will named as sole executrix, his widow, and no lineal descendants, nor father or mother.   On the 7th of September following, Mary Yeaton declining the trust of executrix, administration, with the will annexed, was granted by the court of probate to Hiram R. Roberts, who accepted the same, and gave the bonds required by law.

On the 5th day of October, 1847, Mary Yeaton, the widow, waived the provisions made for her in the will, and all the legacies, and applied to the judge of probate for an allowance out of the personal property, who granted her an allowance of five hundred dollars.   On the second day of November, she had dower assigned and set off to her, and in addition thereto, one third part of the real estate, as her distributive share, to hold in fee simple.   She had also received, and claimed to hold as her own, one third part of all the personal property, which has come to the hands of the administrator, and claimed a like proportion of all which might come to his hands, subject to the payment of the debts of the deceased, as her distributive share.

The administrator, Roberts, retained in his hands all the balance of the personal property, and had taken possession

of the real estate, and received considerable sums in rents and profits from the same.

The children of Oliver Yeaton living at the death of the testator, were still alive, as were those also of the plaintiff, Leavitt H. Yeaton, except Sarah Emma Yeaton, who had died since the death of the testator, a minor, leaving the plaintiff her sole heir. He had also been appointed her administrator.

Since the death of the testator, Mahala Yeaton, a daughter of the plaintiff, and Susan Emma Yeaton, a daughter of Oliver Yeaton, had been born.

The plaintiff claimed, in his bill, as heir and administrator of his daughter, Sarah Emma Yeaton, that he was entitled to the present possession of her share of the real and personal estate under the will, and that she became entitled, upon the election of the widow to waive the provisions in her behalf, to the portion limited to her by the will upon the determination of the life estate of the widow, subject to the deduction of the allowance, and of the distributive shares of the real and personal estate which accrued to the widow upon that election.

The defendants were the administrator, the heirs of the testator, and the children of the plaintiff and of Oliver Yeaton.

The bill charged, among other things, that the heirs at law claimed the use and income of all the property except the widow's shares and allowance, until her decease, and that the surviving children of the plaintiff, and the children of Oliver Yeaton, claimed and contended that the property should be kept together until that event, and then to be divided among the future children of Leavitt and Oliver, as well as among those who were living at the time of the testator's death.

*R. Eastman*, with whom was *Marston*, for the plaintiff.

I. The bill itself presents all the material matters to be

passed upon, and under a decree of *pro confesso,* all the material allegations of the bill are taken to be true, and need not be proved.  1 Dan. Ch. Prac. 577.

II.  The intention of the testator is clearly to devise all his real and personal estate.  This sufficiently appears by the will itself.  And in the construction of wills the court will be bound by the intention of the testator, to be gathered from the whole will, provided it consist with the rules of law.  *Hall* v. *Chaffee,* 14 N. H. Rep. 215; *Fogg* v. *Clark,* 1 N. H. Rep. 163; *McAffee* v. *Gilman,* 4 N. H. Rep. 391.

This claim is clearly set out in the bill, and the heirs at law, who are all made defendants, do not contest it.

III.  Upon the death of the testator, after payment of all his debts, the expenses of administration, the devises and legacies to Oliver Yeaton and wife, Theodore Yeaton and wife, and their children, and to Leavitt H. Yeaton, the rights of the children of Oliver Yeaton and Leavitt H. Yeaton, were vested remainders in all the residue of the estate of said testator, subject to open and let in all after-born children of said Oliver and Leavitt H. before the determination of the particular anterior estate, which anterior estate was in the widow of the testator, legatee of life estate in the same.

The election of the said widow, against the will, to take her dower and distributive share of the real and personal estate, by which the estate of the devisees in remainder are diminished, equitably entitle the remaindermen to take the estate abandoned by the widow in satisfaction or compensation for the amount withdrawn from their remainders by the act of election.  2 Story Eq. Juris. §§ 1082, 1083; 1 Jarman on Wills. 383, and cases cited.

IV.  The rights of the children of said Leavitt H. and Oliver, living at the death of the testator, being vested remainders, could not be defeated by the acts of the party having the anterior particular estate.  4 Kent's Com. 202–205.

The particular estate failing, the remainders expectant thereon are accelerated, and take effect immediately, and the persons entitled to the remainder may enter at once. 1 Jarman on Wills, 513–517; 4 Kent's Com. 205.

V. Those children only existing at the time when the remainders vested in possession, can take. These were the six children of Oliver Yeaton, and the six children of Leavitt H. Yeaton. Leavitt H. Yeaton, the representative of Sarah Emma Yeaton, one of said children since deceased, therefore, is entitled to one-twelfth part of said remainder. "The weight of authority is in favor of the position that all gifts to children, preceded by an anterior interest, will embrace the objects existing at the death of the ·testator, and those who may come *in esse* before the determination of such anterior interest." 2 Jarman on Wills, 95. See, also, *Hill* v. *Chapman,* 1 Ves. Jr. Rep. (Sum. Ed.) 405, and note; *Whitbread* v. *St. John,* 10 Ib. 152, and note; *Gilbert* v. *Boorman,* 11 Ib. 238, and note; *Denney* v. *Allen,* 1 Pick. 147.

If there is any person *in esse* answering the description of legatees, at the time the property is to vest in possession, they are not to wait to see whether any other persons are to come *in esse,* but the division is to be made among those capable of taking at the time. 2 Jarman on Wills, 75 and 90.

VI. As to costs. The costs should be paid out of the general assets of the testator. Dan. Ch. Prac. 1571, and cases. Mary Yeaton, who by taking her dower and distributive share, against the will, thereby causing this suit, certainly should not complain of this. All the devisees, and also the widow, are equally interested to have this matter properly settled, and should share in the expense, and therefore the costs should be taxed as between solicitor and client. Otherwise Leavitt H. Yeaton would be obliged to pay the greater part of the expense himself.

Woods, J.   It is clear that the plaintiff, in the two-fold relation of administrator and sole heir to his deceased daughter, Sarah Emma Yeaton, is entitled to whatever share or interest she had at the time of her death, in the personal and real property of the testator, Ebenezer Yeaton, if any she did have, that could be transmitted by intestacy or descent.   This interest or share is claimed to have been, an absolute title and right of present possession, in common with the other children of the plaintiff, and with the children of Oliver Yeaton, to all that residuüm of the personal and real property of the testator, given by his will to Mary Yeaton, his widow, for life, with remainder over to those children, and such others as should afterwards be born to the above-named Leavitt and Oliver, except what the widow took by her election, as hereafter shown.

The clause in the will, under which the claim arises, and which is to receive a construction in this case, is as follows : " Item 3d.   I give to my beloved wife, Mary Yeaton, the use of all the rest and residue of my estate, real, personal or mixed, wherever the same may be lying or being situated or found, to her, for and during her natural life, and no longer ; and then to descend and go to the children of said Oliver Yeaton, and to the children of said Leavitt H. Yeaton, and to such other children as they may hereafter have, in equal shares, in fee."

The widow, Mary Yeaton, soon after the death of the testator, declined the devise and legacy created for her by the will, and took her dower, allowance and her distributive shares, in the personal and real estate, and never accepted the provisions made for her by the will.   Mahala Yeaton, a child of the plaintiff, and Susan Emma Yeaton, a child of Oliver Yeaton, have been born since the decease of the testator, and Sarah Emma, one of the children of the plaintiff, living at that time, has since deceased, leaving the plaintiff her sole heir, who has also taken letters of administration on her estate.

Yeaton *v.* Roberts.

The first question which presents itself arises upon the construction of the clause in the will which has been recited, whether the deceased daughter of the plaintiff, in common with his other children and the children of Oliver Yeaton, took by the will a vested interest in the residuüm of the personal and real property of the testator, subject to the widow's right of election, in the nature of a remainder limited upon her life estate, or merely a contingent interest, depending, in the case of each child, upon the event of his or her surviving the widow, on the termination of whose life estate, the property was, by the terms of the will, subjected to a division among them. In the latter alternative, the interest of the intestate terminated, of course, with her own life; whereas in the former, whether as a remainder or a present devise, it was incapable of being defeated by any event, and was transmitted, like other property, by descent or intestacy, according to its quality, to the administrator or heir.

And it seems to be immaterial, whether we consider the property as having once vested for life in Mary Yeaton, the widow, and her life estate as having been extinguished by her own act, in the nature of a surrender or forfeiture, and so letting those in remainder into possession, or treat the devise to her as having lapsed, or as otherwise having absolutely failed, and her life estate as having never existed; for in such case the ulterior limitations will take effect as if no precedent estate had been created by the will. Com. Dig. Devise, K; Fearne Con. Rem. &c. 525.

We think that the limitations over to the children in this case were vested, and not cor⁀ngent interests. By the terms of the will, they were to ⁀ effect upon the determination of the precedent estate of ⁘⁘old, in favor of p⁘ sons ascertained and *in esse.* They were created by apt words to create a vested re⁘⁘ler. " To Mary Yeaton," " to her, for and during ⁘ ⁘ ⁘ li life, and no longer, and then to descend and ⁘ ⁘ ⁘ children, &c., in fee," are the

significant words of the instrument. Even in those cases in which it has been the intention of the testator to postpone to a certain time the control of the ulterior devisees over the property, the remainders have been held to have vested. *Hall* v. *Tufts*, 18 Pick. 455. In the case of *Bateman* v. *Roach*, 9 Mod. 105, which was a bequest of a sum of money to one for life, with remainder over to children, to be paid when twenty-one years of age, the remainder was held to have vested, so that upon the death of two of the children, before twenty-one, and during the life of the first devisee, their personal representatives were entitled to their shares. And it was there said, that where the legacy is payable out of personal property, it vests immediately; although, as in favor of the heir, when it is payable out of an estate in lands, if the legatee die before the day, the legacy is sunk and gone. The cases of *Emerson* v. *Cutler*, 14 Pick. 108; *Crosby* v. *Wendell*, 6 Paige Ch. Rep. 518; *Nodine* v. *Greenfield*, 7 *Ib.*, 544; *Macomb* v. *Miller*, 9 *Ib.*, 265; *Bankhead* v. *Carlisle*, 1 Hill C. R. 357, are cases in which the remainders have been holden to be vested under circumstances like the present.

There was, indeed, a contingency in this case, as regarded the children not born at the death of the testator. But it is well settled that in executory devises, and conveyances taking effect under the statute of uses, a gift to a class of persons may give a title first to one, and afterwards open and admit of a participation by others, as they shall be born, or otherwise become capable of the gift. 3 Preston on Conv. 555; Fearne's Essay, 312; *Ballard* v. *Ballard*, 18 Pick. 41; *Dingley* v. *Dingley*, 5 Mass. Rep. 535; 4 Kent, 205.

And there seems no reason for distinguishing in this particular, real estate from chattels. A contrary opinion was indeed held by Chief Justice *Parsons*, in *Dingley* v. *Dingley*, and adopted in the later case of *Emerson* v. *Cutler;* but no authority is referred to in either case, nor is any argu-

ment used to sustain it. Nor was the point necessarily involved in either decision.

At common law, if any of the parties to whom a remainder was limited, failed to come *in esse* upon the termination of the particular estate, it was lost as to them, and vested wholly and forever in those capable at the time of receiving it; and this faculty of opening to re-vest in after-born children, and the like, pertains rather to executory devises and limitations of uses than to remainders strictly so called. And it is by precisely the same means, that personal property, which at common law could not admit of being limited like land in remainder, became capable of being secured to successive owners or usufructuaries in the way of remainders, although the property lawyers will not allow these limitations to be termed such. Blackstone Com. 173; Fearne's Essay, *ubi sup.* It would therefore seem very strange, that the policy which through indulgence to last wills and family settlements, thus, by the same agencies, remodeled the nature of each kind of property, should have left them distinguished in the very important particular indicated by the eminent authorities referred to. The distinction is not adverted to in the Essays of Mr. Fearne, and is disregarded in the cases of *Van Vechten* v. *Pearson,* 5 Paige Ch. Rep. 512; and in *Nodine* v. *Greenfield,* and *Macomb* v. *Miller,* before cited.

We must, therefore, conclude the interest of these children in the personal as well as real-property to have been a vested interest, in those in bein the decease of the testator, subject to open in respect to both species of property, to admit to a participation such children of the same class as might afterwards be bo

The next question is, whether upon the refusal of Mary Yeaton to take the life estate the ulterior limitations took effect in possession or await her death, passing in the mean time, as undevised estate, to the heir, according to the claim of some of the defendants in this suit.

An estate in remainder vests in possession immediately upon the determination of the life estate, upon which it is limited, by the death of the tenant for life, or by the surrender or forfeiture of his estate.

It is also well settled that where there is a devise or legacy to two in succession, and it fail as to the first, for causes that would, but for the gift over, create a lapse, the next in succession or remainder shall take it. 2 Fonb. 366, 7 n.; Toller Exec. 237 ; Com. Dig. Devise, K.; Ram on Wills, 262; *Goodwright* v. *Opie,* 8 Mod. 126.

Whether, therefore, we consider the devise to Mary Yeaton as having lapsed, by her refusal to take it, according to the decision in the like case of *Hawley* v. *James,* 5 Paige Ch. Rep. 418, or, according to the case put by Coke (Co. Lit. 298,) of a remainder given to an infant, who on coming of age refuses it, we treat the life estate as having for a moment vested in Mary Yeaton, the consequence seems to be the same. The children, in either case, according to established principles, take the property immediately.

There is, however, another aspect in which cases like this have been discussed, which deserves to be noticed.

The expectation of the testator apparently was, that Mary Yeaton would accept the life estate provided by the will, and, consequently, that the portions of these children would not fall into their possession till after her death. And such may be said to have been his intention.

It is upon this ground that the heirs claim the possession and use of the property for the time intervening, under the general rule that lapsed legacies are to be treated as undevised property, and go to the heir; and that the use of this property, during the period indicated, should be so regarded, because the time when the intention of the testator was that the children should come into possession, has not arrived, and their receiving it sooner would be an enlargement of the gift.

The subject is discussed in Jarman on Wills 513. " A

question which has been agitated between the heir and devisee is, whether, in a series of consecutive limitations, a particular estate be void in its creation, from being limited to a person incapable by law, or refusing to take the remainders immediately expectant on such estate, are accelerated, or the interest in question descends to the testator's heir at law as real estate undisposed of. The early authorities are clearly in favor of the acceleration. Thus it is laid down in Perkins, that if a man, seized of land devisable in fee, devise it to a monk for life, the remainder to a stranger in fee, and the devisor dies, the monk being alive, in this case the remainder shall take effect presently."

So it was held by Gawdy, in *Fuller* v. *Fuller*, Cro. Eliz. 425, though the case did not raise the point, that if the devisee of an estate tail refuse, the devisee in remainder shall take immediately. And the same point, in regard to a devisee for life, was maintained, *arguendo*, in *Cranmer's Case*, Dyer 309, b.

The doctrine evidently proceeds upon the supposition, that though the ulterior devise is in terms not to take effect in possession until the decease of the prior devisee, if tenant for life, or his decease without issue, if tenant in tail, yet that, in point of fact, it is to be read as a limitation of a remainder, to take effect in every event which removes the prior estate out of the way."

We think the present case falls within the principle, and that the heirs have no just claim to the intermediate profits.

Let the following decree be entered.

" The State of New Hampshire.

Superior court of judicature,
July term, A. D. 1854.

Strafford, ss.

In equity, Leavitt H. Yeaton v. Hiram R. Roberts & a.

This cause having been heard upon the bill of complaint, it appears that all the material matters, alleged in said bill,

are true as therein stated. Whereupon it is ordered, adjudged and decreed, and the court doth order, adjudge and decree, that upon the decease of Ebenezer Yeaton, the testator, as in said bill set forth, and the payment of all his just debts and the expenses of administration, the setting off an allowance to Mary Yeaton, widow of said testator, of her dower, allowance and distributive share in all his real and personal estate, and to Oliver Yeaton and wife and Theodore Yeaton and wife, and the children of said Oliver, of the lot of land, and the buildings thereon, which were occupied by said Oliver and his father, at the date of said testator's last will; and to Leavitt H. Yeaton of the amount due from said Leavitt H. to said testator, at the time of his decease, the children of Oliver Yeaton and the children of Leavitt H. Yeaton, living at the time of the decease of said testator, were entitled to all the rest, residue and remainder of the real and personal estate of said testator, and the possession and use thereof in common, in equal shares, subject to let in such other children as said Oliver and Leavitt H. might thereafter have; and that said Leavitt H. Yeaton, as sole heir and representative of Sarah Emma Yeaton, one of the children of said Leavitt H., who was living at the time of the decease of said testator, and survived him, but since deceased, is entitled to the share of said Sarah Emma Yeaton in the estate of said testator, and the use and possession thereof as aforesaid; and that Susan Emma Yeaton, child of said Oliver Yeaton and Mahala Yeaton, child of said Leavitt H. Yeaton, both born since the decease of said testator, and before the bringing of the aforesaid bill of complaint, were at their births respectively entitled to their equal share, in common with said other children of Oliver Yeaton and Leavitt H. Yeaton aforesaid, of the real and personal estate of said testator remaining as aforesaid, and the use and possession thereof from the time of their respective births, subject to let in such other children as the said Oliver and Leavitt H. Yeaton might thereafter have; and that

all children which said Oliver Yeaton and Leavitt H. Yeaton, or either of them, afterwards had, or may have, shall be entitled to equal shares in the real and personal estate of said testator remaining as aforesaid, with the use and possession thereof from their respective births, with the previously born children.

And it is further ordered and decreed that the right and interest of the said Leavitt H. Yeaton, complainant, and sole heir and representative of said Sarah Emma Yeaton, in the real and personal estate of said testator, remaining as aforesaid, is, and it is hereby adjudged and declared to be as follows, to wit: said Leavitt H. Eaton is seized of and well entitled to one equal undivided fourteenth part of all the real estate of said testator remaining as aforesaid, including the reversion of the widow's dower therein, in common with said Ebenezer Yeaton, William H. Yeaton, John C. Yeaton, Mary E. Yeaton, Nahum Yeaton, Ariana Yeaton, Frances B. Yeaton, Cyrus F. Yeaton, Arthur T. Yeaton, Elizabeth S. Yeaton, Martha Ann Yeaton, Susan Emma Yeaton and Mahala Yeaton, children of said Oliver Yeaton and Leavitt H. Yeaton, subject to let in such other children as the said Oliver Yeaton and Leavitt H. Yeaton afterwards had or may have, to equal shares as aforesaid. And the said Leavitt H. Yeaton is also well entitled to one equal fourteenth part of all the personal estate of said testator remaining as aforesaid, subject to let in such other children as said Oliver and Leavitt H. Yeaton afterwards had, or may have, to equal shares as aforesaid. And the said Leavitt H. Yeaton is also well entitled to the rents, profits, income and use of one twelfth part of all the real and personal estate remaining as aforesaid, from and after the decease of said testator, up to the time of the birth of a child of said Oliver or Leavitt H. Yeaton; and from thence of one thirteenth part up to the time of the birth of another child of said Oliver or Leavitt H.; and from thence of one fourteenth part up to the birth of another child of said Oli-

ver or Leavitt H. Yeaton; and in the same proportion on-ward until he shall receive said real and personal estate to which he is entitled as aforesaid into his own possession.

And it is further ordered and decreed that Hiram R. Roberts, administrator of the estate of Ebenezer Yeaton, deceased, testator as aforesaid, account for all the rents, profits income and use of said real and personal estate to which said Leavitt H. Yeaton is entitled as aforesaid, and pay the same to said Leavitt H. Yeaton, and also set off and deliver to said Leavitt H. Yeaton all such parts and portions of said personal estate of said testator as said Leavitt H. is entitled to as aforesaid, upon his, the said Leavitt H., giving bond to the judge of probate for said county of Strafford, with sufficient sureties, in such sum as the said judge may order, to pay, furnish and contribute to such person or persons as shall be entitled, his ratable proportion of all such real and personal estate as such children of said Oliver Yeaton and Leavitt H. Yeaton, born after the date of the aforesaid bill of complaint, or that hereafter may be born, shall be entitled to under the provisions of the said testator's will as aforesaid. And it is further ordered and decreed that the plaintiff recover costs of this suit, taxed as between solicitor and client, which shall be paid by said Roberts, administrator of said testator's estate, out of the general assets of the estate in the hands of said administrator.

And it is further ordered that a copy of said bill of complaint, and of this decree thereon, by the clerk of this court, be filed in the probate office, in said county of Strafford, and that the estate of said testator, so far as the parties to this suit, and the after-born children of said Oliver Yeaton and Leavitt H. Yeaton are interested therein as aforesaid, be settled and distributed in pursuance of this decree and order.

JOHN JAMES GILCHRIST."