In the Matter of the Estate of JAMES W. H. WITHERSPOON, Deceased.

Surrogate's Court, New York County, June 2, 1934.

*Francis E. Rivers,* for the objecting creditor.

*Cornelius W. McDougald,* for the petitioner, executrix.

FOLEY, S. Various questions of construction have been raised in this accounting proceeding. The will is holographic and the doubts which have arisen as to its meaning are due to the inept language used by the testator. His intent, however, is reasonably clear.

Rebecca Edna Glover, otherwise known as Rebecca Edna Witherspoon, was given a legal life estate in the one-half interest of the testator, as tenant in common, in the property, No 134 West One Hundred and Thirty-first street, New York city. The condition against her remarriage contained in paragraph fourth of the will did not affect such legal life estate.

The gift of the remainder of the testator's share in this property became vested in title and interest at the death of the testator. Words of present gift were employed. Only by that construction intestacy may be avoided as to the interest in this specific property. His intent to benefit the persons named by him as remaindermen is clear. The gift of the remainder here is " to my sister or my niece Marie Lewis." Both survived the testator. The disjunctive form of the provision is meaningless when construed literally. A reading of the entire will indicates strongly that the testator intended that his sister and niece should take as tenants in common. Where the language is doubtful, but the evidence of purpose plain, the courts adopt that construction which will sustain the validity of the will, " generally speaking to the one that will defeat it * * *. The

court struggles to preserve, and surrenders to nothing short of obvious compulsion. In the attainment of its end, it may ' reject words and limitations, supply them or transpose them, to get at the correct meaning.' " (*Matter of Gallien,* per CARDOZO, Ch. J., 247 N. Y. 195, at p. 200.)

To prevent defeat of the obvious intent of the maker of the will, the courts have, when necessary, corrected a palpable error by turning " or " into " and." (1 David Wills, 759, 769; *Van Vechten* v. *Pearson,* 5 Paige Ch. 512; *Roosevelt* v. *Thurman,* 1 Johns. Ch. 220, at p. 228; *Jackson* v. *Blanshan,* per KENT, Ch., 6 Johns. 54; *Miller* v. *Gilbert,* 144 N. Y. 68; *Roome* v. *Phillips,* 24 id. 463.) The reference to the sister of the decedent in paragraph third was plainly intended to refer to the only sister of the full blood of the decedent, Julia Lewis, the mother of the other named remainderman, Marie Lewis. By the words of his will the testator did not intend to devise the property, or any part thereof, to his half-sister, Elizabeth Bennett.

The remainder interest which vested in the sister, Julia Lewis, passed, in the absence of a valid will, to her only child, Marie Lewis. Marie Lewis is, therefore, the present owner of the entire remainder in the share of the property owned by the decedent.

I hold further that the so-called residuary clause simply gave to Rebecca Edna Glover, otherwise known as Rebecca Edna Witherspoon, a legal life estate terminable by her remarriage or by death. The will contains no disposition of the remainder in the property and intestacy must be decreed to have resulted. That conclusion applies to the only asset passing under the residuary clause, which was the interest of the testator in the South Carolina real estate. The shares of the respective heirs at law must be determined under the Statutes of Descent of that State.

The stipulation of compromise of the claim of Laura Emily Witherspoon is filed and approved.

Submit decree on notice construing the will and settling the account accordingly.