ROOSEVELT
v.
THURMAN.

I am, accordingly, of opinion, that the bill, as to all the defendants, must be dismissed, with costs.

Bill dismissed.

*Oct.* 3d.                ROOSEVELT AND OTHERS *against* THURMAN.

THURMAN *against* ROOSEVELT AND OTHERS.

Where a cause is referred, by consent of parties, under an order of court, and the referees, who were two lawyers and a merchant, were to decide all questions in dispute between the parties, as well matters of law as of fact; and a question of law, as to a will, put in issue by the pleadings, and discussed before the referees, was decided by them; *it seems* this court will not interfere with the award, unless a gross and palpable mistake is shown.

The words of a will are to be construed according to their natural sense, unless some obvious inconvenience or incongruity would arise from such construction.

*T.*, by his last will, after giving to his nephews, *R., N., S.,* &c., each 1,000 pounds, as they came of age, devised two houses and lots, " with every right agreeable to the deeds of the same," to *R.*, to be delivered to him as soon as he came to the age of 21 years; and if he died " before he came to age and without male issue," he devised the same to *N.*, " to be delivered to him as soon as he comes to the age of 21 years." " The first possessor, as soon as his first male child shall come to the age of 21 years, it is my will that the right of the said houses be to him, his heirs and assigns, for ever; but not to be disposed of before his eldest son comes to age;" whoever gets the houses, to have no claim to the 1,000 pounds, before left him, but his share to be equally divided with the other legatees. *R.* arrived at the age of 21 years, but had no issue.

It was held that, by the words " dying without male issue," *R.* took an estate    **1814.**
    tail, by the *English* law, or an estate in fee under our statute; that the fee
    vested in *R.*, on his attaining the age of 21 years *or* having male issue,   ROOSEVELT
    either event being sufficient for that purpose.                          v.
That the clause, that the first taker was not to dispose of the estate before his   THURMAN.
    eldest son came of age, did not engraft an executory devise on the preceding
    fee, but was intended by the testator as a temporary restriction on the
    power of alienation, and being repugnant to the nature of the estate, was
    void.

THE plaintiffs, *Nicholas Roosevelt,* and *Elizabeth Gilchrist,* wife of *Robert Gilchrist,* and the defendant, *Thurman,* are the nephews and niece of *John Thurman,* deceased, and his only surviving devisees and heirs at law; and the defendant is the only surviving executor of the last will and testament of *John Thurman,* who died in 1809. His will was dated in 1769.

These were original and cross suits. The bill, in the first cause, was filed against the executor for an account as to his administration of the estate; to settle some questions of law arising on the will; and to obtain a discovery as to the title deeds, and the estate of which the testator died seised.

The cross bill was to obtain a discovery, from the defendants, of the state of their accounts with the testator; and for a settlement thereof, which it appeared had been accomplished.

By his will, the testator devised as follows: " I give to each of my brothers' and sisters' children, *John, Ralph, Lucretia,* and *Elizabeth ;* to my sister *Elizabeth,* her children, *Nicholas* and *Elizabeth ;* to my sister *Letty,* her son, *Samuel ;* to each of those children above named, as they come of age, 1,000 pounds; but should my estate, exclusive of the fast estate hereinafter named, not be sufficient to pay those legacies, they are to receive an equal portion of whatever their share shall be, share and share alike ; should any of them die before they come of age, that share is to be equally divided among the survivors. I give the

1814.

ROOSEVELT
v.
THURMAN.

corner house I now live in, to my brother *Francis'* son, my nephew RICHARDSON ; also, the house next door, where *Joseph Cox* now lives, together with the ground, and every other building on the said corner lot, and the lot next it. adjoining Mr. *Dunscomb's*, whereon the house stands wherein Mr. *Cox* lives, with every right, agreeable to the deeds of the same, to be given him as soon as he comes to the age of 21 years; but should *Richardson* die before he comes to age, *and* without male issue, I give as before described, the two lots and buildings to my brother *Ralph*, his son, *Ralph*, my nephew, to be delivered to him as soon as he comes to the age of 21 years.   If both die before they come to age, *and* without male issue, I give it to my nephew, JOHN, *Ralph's* son.   If all die before age, *and* without male issue, I give it, as before described, to my sister's son, *Nicholas Roosevelt*, to be delivered to him as soon as he comes to the age of 21 years.   The first possessor, as soon as his first male child shall come to the age of 21 years, it is my will that the right of the said houses be to him, his heirs and assigns, for ever, but not to be disposed of by him before his eldest son comes of age."   " Whoever gets the houses, to have no claim to the thousand pounds before left him, but his share to be equally divided among the surviving children before mentioned.   The residue and remainder of my estate, whether real or personal, to be equally divided among my brothers' and sisters' children, to be paid them as they come of age."

RICHARDSON and JOHN both died in the lifetime of the testator.   RALPH, the next devisee over, entered, and took possession, on the death of the testator ; he is advanced in years, and has had no male issue.

*Thurman*, in his bill, among other things, charged that he was the person described in the will of the testator, as *Ralph*, his nephew, son of his brother *Ralph* ; and that, by the death of *Richardson*, and by virtue of the said will, &c., he was entiled to an estate of inheritance in fee simple, absolute, of and in the two houses in the said will mentioned.

The causes were referred, under an order of this court; and, on the 14th of *January* last, the referees made a report, to part of which exceptions were taken by the plaintiffs in the first suit:

1st. That the referees, although the question could not fairly arise until the death of *Ralph Thurman*, the defendant, without male issue, who should attain the age of twenty-one years, have decided that he took an absolute estate, in fee, in the premises; and that, if that question could arise, it was decided, by the referees, incorrectly.

The 2d, 3d, and 4th exceptions were, that the referees make no award respecting sundry debts due to the testator, and divers bank shares and cattle which belonged to the testator, and are enumerated in the schedule annexed to the answer of the defendant to the original bill, and which matters, it was contended, were submitted to the referees for their determination, under the order of reference.

The last exception was, that the referees had made no award as to the disposal of any personal property of the testator, not enumerated in the schedules annexed to the answer, which might, after filing the answer, come to the knowledge of the executor; whereas they ought to have awarded and directed that the same should be duly collected, and from time to time accounted for, by the executor, according to the will of the testator.

*Harison* and *Robinson*, in suport of the exceptions.

*Riggs*, contra.

For the *plaintiffs*, it was contended, that the intention of the testator was to govern in the construction of the will, and that, to discover that intention, the whole will must be taken together. (2 *Bl. Com.* 381. n. 13. 1 *Vesey*, 169. 1 *Vesey*, jun. 268. 270. 2 *Vesey*, jun. 105.)

1814.

ROOSEVELT
v.
THURMAN.

That if the will had stopped at the words "if he die before he come of age, and without male issue," it must be admitted that *Ralph* would take an estate tail under the *English* law, or an estate in fee under our statute; but this was restricted by the subsequent clause, limiting the estate on condition that *his first son comes of age.* This clause manifestly showed, that the testator intended that the estate should go over to his nephew, *Nicholas Roosevelt,* unless *Ralph* had a son who arrived at full age. (*Cro. Eliz.* 525. *Talbot's Cas.* 44. 1 *Bro.* 147.) This restriction is not to be rejected as repugnant to the will, for it is perfectly consistent with it; and it was intended for the benefit of *Roosevelt.* To support this intention of the testator, the word " *and*" is to be read *or.* (*Talbot's Cas.* 44. 3 *Atk.* 283. 4 *Vesey,* 311. 227. 3 *Vesey,* 103 8. *Viner,* 181. pl. 7. 182, pl. 11, 12, 15, 16. 186, pl. 51. 1 *P. Wms.* 54. n. 1.) If the word "and" is not construed disjunctively, the intention of the testator, that the first taker should arrive at the age of 21 years, without regard to his issue, and the provisions of the will, would be defeated.

For the *defendant,* it was insisted, that, as the question now raised was put at issue by the pleadings, and was left to the decision of the referees, by the order of reference entered by the consent of the parties, it was now too late to object that the decision of the question was premature, after it had been argued and discussed before the referees.

That all the other exceptions are not founded on any thing now before the court, and no objections on those points were made before the referees; and it was, therefore, too late and irregular to raise them here. The defendant, however, was willing that all assets that should come into the defendant's hands, subsequently to his answer, should be duly accounted for in the course of administration; and the counsel for the plaintiffs expressed themselves satisfied that a saving to that effect should be inserted in the decree.

As to the construction of the will, it is said, that *Ralph* was to have an estate in fee, if he attained the age of 21 years, *or* had male issue ; and that, if he had such issue, he could not sell until his son was of age.  A legacy of 1,000 pounds is devised to him, and is not that to be disposed of until after his death ?  It is admitted that he had a *life* estate ?  Is he, then, to lose the legacy, and get only a life estate ?  *Roosevelt* is to have half of that legacy, and yet claims the fee after his death.  Such was not the intention of the testator.  He meant, undoubtedly, that the whole of his estate should be settled when the devisees came of age.  The word " *and*" is not to be read *or*, to carry the estate over ; the words create an estate in fee, or an estate in tail, in *Ralph*.  An estate tail arises by implication, where the devise over is to the blood of the devisor, not where it is to a stranger.  (*Talbot's Cases*, 1. 2 *Vern.* 324. 766. 8 *Vin. Devise.* 1 *P. Wms.* 605. *Resol.* 4. 1 *Atk.* 432. 2 *Vesey*, 243. 247, 248. *Ambl.* 355. 358. 385. 4 *Term Rep.* 82. 5 *Term Rep.* 335.)  The court will carry a general intent into effect, though it may defeat a particular intent.  (*Whitebread* v. *St. John*, 10 *Ves.* 152—154.)

The restriction in the latter clause, is repugnant to the estate, before given in the former parts of the will, and a restraint upon alienation, and ought to be rejected as void.

THE CHANCELLOR.  The last exception taken to the report was disposed of by arrangement between the counsel. It was agreed, on the part of the defendant, *Thurman*, that the decree should contain a provision, that the assets which might subsequently come to the hands of the defendant, as executor, should be duly accounted for in the course of administration, and this was all the security required on the part of the plaintiffs.  As to the 2d, 3d, and 4th exceptions, they relate to some small matters of account said to have been omitted by the referees ; and there is nothing before

the court to enable me to judge of the truth and force of these exceptions. The objection to any such alleged omissions, ought to have been made to the referees on the making up of their report There remains for consideration the first, and which was the only material exception taken.

This exception is, that the referees have determined that the defendant, *Thurman*, is entitled to an estate in fee in the two houses and lots mentioned in the report, whereas, they were not called on to decide this point, and, if they were, they ought to have decided it differently.

It was suggested upon the argument, and, I think, not denied, that this point of law was raised, and discussed on both sides, before the referees. If this be so, it is now too late for the plaintiff to object to the jurisdiction of the referees over the question ; and it appears to have been a point put in issue by the pleadings, and proper for the consideration of the referees under the submission. By the original bill, the defendant, *Thurman*, was called on, as executor, to account, among other things, for the rents and profits of the real estate whereof his testator died seised ; and, by the answer, he sets up an absolute title in himself in fee, under the will, to the two lots which are the subject of discussion, and denies that he is accountable for the rents and profits of them. The reference was made, by consent, to one merchant and two gentlemen of the bar, with directions to state an account, and to decide on all questions in dispute between the parties, " as well matters of law as of fact." I have no doubt, therefore, that the question of law, on the title of *Thurman* to the two houses and lots in *New-York*, was in issue, and properly embraced by the submission.

After the parties have chosen to submit a point of law to gentleman of the profession, it may be doubted whether the court ought to permit the discussion to be renewed here, without showing a case of gross and palpable mistake. In this case, however, a reservation appears in the rule of submission, by which the report was declared to be liable to

exceptions by either party, as a master's report would be. This reservation may have been intended to be confined to that part of the submission which was the ordinary subject of reference to a master, and this is, perhaps, the better construction of the rule. But I do not wish to construe the rule rigorously, in this case, nor to deprive the parties of a resort to the opinion of the court on the question of law arising upon the will ; and I shall only observe, that *after such a reference as the one before us*, the objection should be supported upon pretty clear and solid grounds.

As *Richardson*, the first devisee, and *John*, a devisee named subsequent to the defendant, died in the lifetime of the testator, their names may be considered as struck out of the will. The devise then is of the two houses and lots, " *with every right* agreeable to the deeds of the same, to be delivered to the defendant as soon as he comes to the age of 21 years ; and if he dies *before he comes to age, and without male issue*," than the devise over was to his nephew, the plaintiff, *Roosevelt.*

If the will had stopped here, it seems to be conceded that the defendant would have taken an estate in fee, or an estate tail, under the *English* law, which by our statutes is now turned into an estate in fee.

The construction is plausible, that by the devise of the lots, " with every right" belonging thereto, under the deeds, the whole interest of the testator therein passed. He gives the houses with the ground, and every other building, and *every right*, agreeable to the deeds. The words are not free from ambiguity ; if he meant by them only a description of his estate, and not of his entire interest therein, yet the limitation of " dying without male issue" made it an estate tail. This construction of those words appears to be well settled. (*Whiting* v. *Wilkins*, 1 *Bulst.* 219. 3 *Viner*, 211. pl. 11. 4th *Resolution*, in 1 *P. Wms.* 605. 2 *Bro.* 558. 578. *Doe* v. *Applin*, 4 *Term Rep.* 82. *Denn* v. *Slater*, 5 *Term Rep.* 335. *Stanley* v. *Leonard*, *Amb.* 355.) The fee

ROOSEVELT
v.
THURMAN.

vested on his attaining the age of 21, or having male issue. Either event was sufficient; for the word *and*, in the devise, is not here to be read *or*, but is to be taken in its natural and grammatical sense. The case of *Doe* v. *Jessep*, (12 *East*, 288.) is to this very point; and it was there held, that the words in a will are to be construed according to their natural sense, unless some obvious inconvenience, or incongruity, would result from so construing them. Why should we, as Lord *Ellenborough* observed, read *or* for *and*, and give the estate over, upon the happening of one only of the events, when no inconvenience would ensue by construing the word in its natural sense. In the case referred to, the devise was to a natural son; " and if he die before 21, and without issue," then to the testator's father and the mother of the son; and, on a different construction, if the son had happened to die before 21, leaving issue, that issue could not have taken. So here, if *Thurman* had died under age, and had left issue, the reading the word *and* as *or*, would have disinherited that issue as to the devise, and this could hardly have been the testator's meaning. To prevent such a result, the courts have frequently reversed the rule by turning *or* into *and*. (2 *Ves.* 249.)

But the principal difficulty has arisen from the subsequent part of the will, in which it is declared that " the first possessor, as soon as his first male child should come of age, it is my will that the right of the said houses be to him, his heirs and assigns, but not to be disposed of by him before his eldest son comes of age." It is contended, on the part of the plaintiffs, that here is an executory devise engrafted on the preceding fee; and, on the part of the defendant, that it is only a temporary restriction intended by the testator upon the power of alienation, and that the restriction is so far void as being repugnant to the nature of the estate. It appears to me, on an examination of the will, that the latter is the sounder construction. The limitation over, to *Roosevelt*, is upon the event of the defendant's dying

1814.

ROOSEVELT
v.
THURMAN.

under age, and without male issue. There is no provision for the remainder over, on the event of the first male child dying under age, and the omission shows that the testator could not have had in contemplation the case of a limitation over, except upon the event of the nephew himself dying under age and without such issue. The will also directs, that "whoever gets the houses" shall have no claim to the 1,000*l.* legacy, but his share shall go to the other relations; and, as the defendant takes the houses upon either construction, he loses his legacy. It is not probable, when we recur to the known value of such a pecuniary legacy, at so early a period as the date of the will, that the testator intended that any estate in those two houses, short of a fee, should be a substitute for it. If we compare the several provisions in the will, it seems to have been the testator's general design, that all the legacies and grants should vest at the age of 21. Thus, the pecuniary legacies of 1,000*l.* are to be paid as the legatees respectively come of age, and these very lots are to be given to the devisee (and three were named in succession) when he comes of age. So the limitation over is to vest when the plaintiff is of age; and all the residue of the estate, real and personal, is to be divided, and paid to the residuary legatees at the same period. The existence of an executory devise, in this case, is not, then, in furtherance of the uniformly-declared intentions and policy of the will. The idea of an executory devise is, where the testator gives absolutely to one, and, upon the happening of an event gives the same estate to another. But here is no designation of the person who is to take, by way of executory devise, if the defendant should die without any male child being of age. It is not the plaintiff, *Roosevelt*, for the event had long before happened, and must have happened, upon which the limitation to him was determined; and he has, in consideration thereof, his share (being here a moiety) of the legacy, which the defendant lost on taking the estate. In short, the general scope or design of the will was to fix and

close all the interests, as soon as the objects of the testator's bounty came of age ; and this last strange and perplexed provision was not intended in favour of *Roosevelt*, (for it has no allusion to him,) but it seems to have been meant as a check to an improvident waste, or alienation of the estate, by the defendant, during the early part of his life ; and being an intention inconsistent with the rules of law, it must be rejected.

I am, accordingly, of opinion, that the exceptions be overruled, and with costs, as to all, except the last ; and that the report be confirmed, with a provision in the decree as to future assets.

Decree accordingly. (*a*)

(*a*) Vide *Campbell* v. *Twemlow*, (1 *Price's Excheq. Rep.* 81.,) where the court of exchequer, in *England*, refused to interfere with the award of a barrister at law, to whom the cause had been referred, both as to law and fact, though the point of law decided by him was, at least, doubtful.