### BOOKER v. BOOKER et al.

(Supreme Court, Appellate Division, Second Department. May 3, 1907.)

1. MORTGAGES—DELIVERY—SUFFICIENCY.

Decedent, in her lifetime, having executed a bond and mortgage and placed them in a closet in a locked box, thereafter gave the key to the box to a third person, and directed him to get the bond and mortgage out of the closet and deliver them to the person named as mortgagee, which was done by him after her death. Held, that there was a valid delivery.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 35, Mortgages, §§ 160, 162, 163.]

2. DEEDS—CONDITIONS—RESTRAINT OF ALIENATION.

A condition in a deed conveying a fee simple title, suspending the absolute power of alienation for 21 years, is void and without effect on the validity of the deed, and the grantee takes the fee free thereof.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perpetuities, §§ 45, 46, 56; vol. 16, Deeds, §§ 479, 481.]

Appeal from Special Term, Westchester County.

Action by Ambrose Booker against George Booker, individually, and as administrator, etc., of Bridget Booker, deceased, and others, to foreclose a mortgage on real estate. From a judgment of foreclosure and sale, defendants appeal. Reversed, and new trial granted.

The action was to foreclose a mortgage on real estate.

Bridget Booker died November 21st, 1897. On June 25th, 1890, she executed a real estate bond and mortgage to the plaintiff, her son, for $300, payable three years after her death. She did not deliver them to him, but kept them in her closet in a locked box. Four or five days before she died she gave the key to the box to another son and told him to get them out of the closet and deliver them to the plaintiff, but he did not do so until after she died.

Three days after the making of the said bond and mortgage, viz., on June 28th, 1890, the deceased executed and delivered a deed of conveyance of the land covered by the mortgage to her daughter, Sarah J. Booker, who died intestate the same day her mother died, leaving the defendants Lucy Preston, her daughter and only heir, and James Preston, her husband. It contained the following clause after the words of conveyance, viz.:

"Subject nevertheless, to the following condition and restriction to which this conveyance is made and accepted by the party of the second part—that is to say, that neither the party of the second part, nor her heirs or representatives are to alien, sell or convey or mortgage the said premises, or any part thereof, during the period of twenty-one years from and after the date of this conveyance."

The said deed was recorded after the mother's death, viz., on November 24th, 1897, and the said mortgage two weeks later.

Argued before WOODWARD, JENKS, GAYNOR, and RICH, JJ.

Lewis C. Platt, for appellants.
Arthur M. Johnson, for respondent.

GAYNOR, J. Those claiming under the deed of conveyance put in an answer denying the mortgage and asserting their title. The learned trial judge held that the mortgage was delivered in the lifetime of the mother, the mortgagor. The delivery of the key of the box in which she kept it to the third person with instructions to get it and deliver it was a delivery. It was a delivery to him to deliver to the mortgagee, the plaintiff, and that was a good delivery to the plaintiff. Hathaway v. Payne, 34 N. Y. 92. But the trouble is that at the time of such delivery the mortgagor did not own the land, and therefore nothing passed under the mortgage. She had conveyed to her daughter.

The decision of the learned judge that the deed to the daughter was void for a suspension of the absolute power of alienation for 21 years, was erroneous. The suspension was void, but not the conveyance. The grantee took the fee free of the illegal condition. A void or unlawful condition to a conveyance in fee, like a repugnant one, does not affect the conveyance. And a forfeiture cannot be predicated upon such a condition. Washb. on Real Est. book 1, c. 14, art. 6; Roosevelt v. Thurman, 1 Johns. Ch. 220; Schermerhorn v. Negus, 1 Denio, 448; De Peyster v. Michael, 6 N. Y. 467, 57 Am. Dec. 470; Oxley v. Lane, 35 N. Y. 340.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.