TIFFANY STUDIOS, Respondent, *v.* JACOB SEIBERT, JR., et al., as Executors of and Trustees under the Will of WILLIAM B. DANA, Deceased, Appellants, and FISS, DOERR & CARROLL HORSE COMPANY et al., Respondents.

*Tiffany Studios* v. *Seibert*, 178 App. Div. 787, affirmed.
(Submitted May 10, 1918; decided May 28, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered September 14, 1917, in favor of the respondents, upon the submission of a controversy under section 1279 of the Code of Civil Procedure. William B. Dana,

by his will, devised certain real property to his executors in trust and directed that the income be paid to his daughter Ethel and his son William in equal portions during their lives, the survivor to receive during his or her life the portion which the deceased would have received if living. By a subsequent provision of his will he authorized his executors to lease, mortgage or sell any of such real estate and in the event of any such sale directed them to " thereupon terminate the said trust to the extent of the property so sold and to pay one-half of the net proceeds of such sale to Ethel Dana Shepherd, or if she be not living, to William Shepherd Dana, or if he be not living, to his issue, and the other half of the net proceeds of such sale to William Shepherd Dana." The sole question presented by this submission is whether the acquiring by the city of New York in condemnation proceedings of the title to part of the property in question and the payment therefor in cash by the city of New York to the executors and trustees of the Dana estate constituted a sale of the said property within the meaning and the intention of the provisions of the will and codicil of deceased. Plaintiff claims it did, and that the proceeds of said property so received by the trustees became immediately payable to Ethel Dana Shepherd and William Shepherd Dana. The executors and trustees claim that it did not and that the proceeds of such taking by the city should be held and administered by the trustees in accordance with the terms of the trust created by the will and codicil.

*Winthrop E. Dwight* for appellants.

*John F. Burke* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, POUND, MCLAUGHLIN and ANDREWS, JJ.