SAMUEL KARASH and Another, Appellants, v. WILLIAM H. KLEIN, Respondent.

Supreme Court, Appellate Term, First Department, April Term — Filed June, 1922.

Sales — goods to be manufactured and shipped — when delivery to carrier passes title to purchaser — right of seller to maintain action for purchase price.

A resident New York buyer was employed by defendant, a resident of and engaged in business at the city of Minneapolis, Minn., to purchase goods for him from plaintiffs. Acting upon instructions from the New York buyer one S. purchased from plaintiffs for defendant at an agreed price certain plush coats, the same to be manufactured. The goods were shipped by express, as provided by the order for them, and after they had been received by defendant the entire shipment was returned to plaintiffs with a letter giving as a reason for their return that " this merchandise is too poor a quality for us to handle, and the prices which you charge for the same are entirely too high for this class of goods." *Held*, that upon the delivery of the goods to the express company, as required by the shipping instructions, the title passed to defendant under the provisions of the Personal Property Law, and that plaintiffs properly brought an action for the purchase price.

The failure of defendant to accept the goods was not a bar to the action, and a judgment dismissing the complaint will be reversed and a new trial ordered.

APPEAL by the plaintiffs from a judgment rendered in the Municipal Court of the city of New York, borough of Manhattan, second district, dismissing the complaint at the close of plaintiffs' case.

*Fox & Silinsky (Samuel Silinsky, of counsel), for appellants.*

*I. Irving Apfel, for respondent.*

MARTIN, J. This is an action for goods sold and delivered.

The defendant has a place of business and resides at Minneapolis, Minn. He employed one Milton Lichtenstein, a New York city resident buyer, to purchase goods for him from plaintiffs. Pursuant to that employment one Julius Steiner, acting as buyer for

Lichtenstein, on September 4, 1920, in accordance with instructions, purchased from plaintiffs for defendant forty-eight coats at the agreed price of $975.75. The order contains shipping instructions and requires plaintiffs to ship the goods by express to the defendant at Minneapolis, Minn. The goods were to be manufactured.

The plaintiffs manufactured the coats and they were shipped to the defendant by means of the American Railway Express on the 21st day of September, 1920. The goods were thereafter returned to the manufacturer with the following letter dated September twenty-ninth: " We are today returning by express the entire shipment of plush coats on invoice September 20th, as this merchandise is too poor a quality for us to handle and the prices which you charge for same are entirely too high for this class of goods."

The plaintiff then commenced an action to recover the purchase price. The justice presiding at the trial held that on the evidence presented by plaintiff an action for the purchase price could not be sustained; that this action was governed by section 145 of the Personal Property Law; that there having been no acceptance of the goods, title did not pass. He further held that the remedy of plaintiffs was to sell the goods, then sue for damages; that if the goods could not be readily resold the plaintiffs should have shown compliance with the Sales Act by the service of a proper notice provided for by section 144 of the Personal Property Law.

We believe the court erred in dismissing the complaint.

Section 144 of the Personal Property Law provides that " Where, under a contract to sell or a sale, the property in the goods has passed to the buyer, and the buyer wrongfully neglects or refuses to pay for the goods according to the terms of the contract or the sale, the seller may maintain an action against him for the price of the goods."

In this case, if the property in the goods passed to the buyer, and the goods complied with the requirements of the contract, the seller had a cause of action for the purchase price. The contract or order provided that the goods should be shipped by express to the purchaser. Plaintiff proved that the goods were so shipped and received by the purchaser.

Under section 127, subdivision 1, of the same statute, " Where, in pursuance of a contract to sell or a sale, the seller is authorized or required to send the goods to the buyer, delivery of the goods to a carrier, whether named by the buyer or not, for the purpose of transmission to the buyer is deemed to be a delivery of the goods to the buyer, except in the cases provided for in section one hundred, rule five, or unless a contrary intent appears."

The contract does not express a contrary intention, and this case does not come within rule 5 of section 100 providing that " If the contract to sell requires the seller to deliver the goods to the buyer, or at a particular place, or to pay the freight or cost of transportation to the buyer, or to a particular place, the property does not pass until the goods have been delivered to the buyer or reached the place agreed upon."

The property in the goods passed to the defendant under the further provisions of the act (§ 100, rule 4, subd. 2), that " Where, in pursuance of a contract to sell, the seller delivers the goods to the buyer, or to a carrier or other bailee (whether named by the buyer or not) for the purpose of transmission to or holding for the buyer, he is presumed to have unconditionally appropriated the goods to the contract, except in the cases provided for in the next rule and in section one hundred and one. This presumption is applicable, although by the terms of the contract the buyer is to pay the price before receiving delivery of the goods, and the goods are marked with the words ' collect on delivery ' or their equivalents."

The property in the goods having passed to the buyer the failure to accept does not bar an action for the purchase price of goods sold and delivered.

Section 128 relates to the acceptance under a contract and provides that " Where goods are delivered to the buyer, which he has not previously examined, he is not deemed to have accepted them unless and until he has had a reasonable opportunity to examine them for the purpose of ascertaining whether they are in conformity with the contract."

In this case there was a rejection of the goods based upon an assertion that the goods were of " poor " quality, which probably implied an assertion of a right to reject because the goods were not, as the buyer says, according to contract. The lower court held that because there was a refusal to accept, an action for the purchase price could not be successfully maintained, and cited a number of recent cases in which the court held that an action for damages was the remedy of the plaintiff. The situation in this case is entirely different from one where the goods are tendered at the buyer's place, or to the buyer himself, and he refuses to accept them. There must be a delivery to the buyer or an appropriation to the contract, authorized by the buyer, before title passes. *Rosenberg Bros. & Co.* v. *Buffum Co., Inc.,* 119 App. Div. 482. Title passes on delivery to a carrier where, as shown by the terms of the contract or order, the buyer has

authorized such delivery as an appropriation of the goods to the contract. If the goods are according to the contract, title thus passes by virtue of the assent of the buyer. Section 128 makes it clear that title does not pass if they are not according to the contract, unless after inspection or a reasonable opportunity to inspect, the buyer fails to indicate that he will not accept. But that section does not change the rule that title passes when goods according to the contract have been appropriated to it in the manner authorized by the buyer, such as by delivery to a carrier or to the particular carrier, designated by the buyer.

All of the cases cited by the trial court can be distinguished. In each of these cases it was held that the property in the goods had not passed to the buyer and, therefore, the remedy was an action for damages; or, where the goods could not be readily resold for a reasonable price, it was held that when the plaintiff complied with section 144, subdivision 3, of the statute, he might recover the purchase price.

The statement found in one of the decisions cited by respondent and so often referred to and relied upon, " you can no longer force a title on an unwilling purchaser," has no application to a case where the property in the goods has passed and the goods are in compliance with the contract.

In the present case plaintiffs properly sued for the purchase price, and their complaint should not have been dismissed.

Judgment should be reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

Guy and Whitaker, JJ., concur.

Judgment reversed.