In the Matter of the Application of JAMES P. MAZZONE for Payment of Award Made for Parcel No. 75 on the Damage Map and in the Final Decree of the Supreme Court as to Damage and Benefit, in the Proceeding to Acquire Title to Bronxwood Avenue, from East 213th Street to East 233rd Street, in the Borough of The Bronx, City of New York.

In the Matter of the Application of DAVID HJORTH, Appellant, for Payment of Said Award.

In the Matter of the Application of AMANDA HJORTH, Appellant, for Payment of Said Award.

CITY OF NEW YORK and JAMES P. MAZZONE, Respondents.

First Department, May 3, 1938.

*Merle I. St. John* of counsel [*Morris T. Hamburg* with him on the brief; *Edwin C. Hamburg,* attorney], for the appellants.

*Charles Lamb* of counsel [*Talley & Lamb,* attorneys], for the respondent Mazzone.

*Lewis Orgel* of counsel [*Julius Isaacs* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondent City of New York.

TOWNLEY, J. This proceeding was brought to determine the ownership of an award made to an " Unknown Owner " for damage parcel No. 75 of the Bronxwood avenue condemnation proceeding. The award amounts to $1,854 with $476.17 interest. There is a claim against the award made by the city for a set off for benefits amounting to $1,429.86, made under section 313–2.0 of the Administrative Code (Greater New York Charter, § 988).

The situation in 1925 with relation to the opening of Bronxwood avenue was that that avenue had been physically laid out as a street fifty feet wide. On certain maps of proposed streets for the Bronx dated 1901, 1905, 1910 and 1925 it was indicated as 100 feet wide. No proceedings, however, to open the street had been taken. The petition of owners asking for the acquisition of title to Bronxwood avenue was not made until March 24, 1927. Title did not vest in the city until March 2, 1931. In 1935, the tentative decree was filed in which an award of $1,854 was made to an unknown owner.

On February 21, 1925, respondent Mazzone took a fee simple deed to the property involved in this appeal without any reservations. In June, 1925, before any steps in condemnation had been taken, Mazzone deeded the property to David Hjorth. In this grant appears the following provision: " Together with all the right, title and interest of the party of the first part in and to any land in any streets adjoining said premises. Excepting however, that the party of the first part expressly excepts from this conveyance and expressly reserves to himself, his heirs, executors, administrators and assigns any awards or other remuneration that may be made to said premises by the City of New York or other subdivision thereof for the widening of Bronxwood Avenue. And the party of the first part, the grantor, herein expressly reserves the right to claim such awards or remuneration in his own name and right and to commence any action for the recovery of same in his own name and right."

By subsequent mesne transfers the property was finally conveyed to Vitabel Realty Corporation, the record owner on March 2, 1931, the date on which title vested in the city. In 1935, Vitabel conveyed the premises remaining after the street widening to appellant,

Amanda Hjorth, along with an assignment to her of its interest in the award.

The above-quoted exception from the grant in fee simple made to David Hjorth is the basis for Mazzone claiming the award in this case. The validity of such an exception on grounds of public policy and constitutional prohibition is raised by the appellants.

If the exception reserving the right to claim awards in condemnation be construed to grant a title only to such awards as may have been due and unpaid for takings accomplished before the conveyance, the exception is legal. But it would be no basis for claiming the award in this case, since, as already noted, title vested in the city of New York some six years after the conveyance. Respondent Mazzone, therefore, is forced to claim that the exception is good whenever and however often Bronxwood avenue may be widened.

We think that the exception or reservation of this award for a part of the land conveyed is void. A taking in condemnation is a forced sale (*Tiffany Studios* v. *Seibert*, 178 App. Div. 787; affd., 223 N. Y. 712; *Story* v. *N. Y. Elevated R. R. Co.*, 90 id. 122) and must be paid for at a valuation which would have been reached by a theoretically willing buyer and seller. It has been the law of this State since 1846 (State Const. art. 1, § 14) that: "All fines, quarter-sales, or other like restraints upon alienation, reserved in any grant of land hereafter to be made shall be void." A quarter-sale is a certain fraction of the purchase money conditioned to be paid back on alienation of the estate which may be expressed as tenths, quarters or other fractions of a sale. Money which must be paid back to a grantor for permission to alienate to another grantee is equivalent to the medieval fine for alienation, *i. e.*, a sum of money paid to the lord by a tenant whenever he had occasion to make over his land to another. The Court of Appeals in *De Peyster* v. *Michael* (6 N. Y. 467), in considering this whole question, said (at p. 497): "Upon the highest legal authority, therefore, it may be affirmed that in a fee simple grant of land, a condition that the grantee shall not alien, or that he shall pay a sum of money to the grantor upon alienation, is void, on the ground that it is repugnant to the estate granted."

The exception in this case is that the grantor shall on the happening of the contingency of a forced sale to the municipality forfeit the value of the property so taken, in spite of the fact that improvements might have been made enhancing the value of the part taken far beyond what was originally granted. Such exceptions are, as the Constitution expresses it, "like restraints upon alienation;" *i. e.*, like the prohibited fines, recoveries and quarter-sales. The exception in this deed is so uncertain, so vague as to its occurrence and as to the value of the amount of property reserved, that the

enforcement of such provisions in deeds would tend to impede the free alienation of property and would create a new species of clouds on title. It must be deemed to have been the intention of the people of New York to prevent such restrictions when they adopted the constitutional prohibition above adverted to. In matters involving public policy there is no estoppel, and in a grant in fee, followed by a void exception, the grant is good and the exception falls. (*Booker* v. *Booker*, 119 App. Div. 482.)

The order appealed from should be reversed, with costs to the appellants against the respondent James P. Mazzone, and the cross-petition of Amanda Hjorth granted to the extent of directing that so much of the award as equals the assessment for benefit be applied to the payment of that assessment and that the balance be paid to Amanda Hjorth.

MARTIN, P. J., O'MALLEY, UNTERMYER and COHN, JJ., concur.

Order unanimously reversed, with costs to the appellants against the respondent James P. Mazzone, and the cross-petition of Amanda Hjorth granted to the extent of directing that so much of the award as equals the assessment for benefit be applied to the payment of that assessment and that the balance be paid to Amanda Hjorth. Settle order on notice.